**UNITED STATES of America, Plaintiff,**

v.

**Phillippe Andre SINCLAIR, Defendant.**

**Crim. A. No. 76–56 MMS.**

United States District Court,
D. Delaware.

Jan. 11, 1989.

William C. Carpenter, Jr., U.S. Atty., and Richard G. Andrews, First Asst. U.S. Atty., Dept. of Justice, Wilmington, Del., for plaintiff.

Edmond D. Lyons, Aerenson, Ferrara & Lyons, Wilmington, Del., for defendant.

## OPINION

MURRAY M. SCHWARTZ, Chief Judge.

The United States Government has moved to dismiss defendant's, Phillippe Andre Sinclair ("Sinclair"), petition for an order vacating his judgment of conviction brought pursuant to 28 U.S.C. § 2255 and has moved to deny defendant's motion for an order reducing his sentence pursuant to Fed.R.Crim.P. 35(b). For the reasons stated below, the government's motions will be granted.

*Factual Background*

Following Sinclair's conviction in this Court on two counts of mail fraud, 18 U.S.C. § 1341, one count of transportation fraud, 18 U.S.C. § 2314, and one count of conspiracy, 18 U.S.C. § 371, Sinclair was sentenced to imprisonment for a period of four years on each count with the sentences to run concurrently. After affirmance by the United States Court of Appeals for the Third Circuit, this Court, on February 3, 1978, ordered Sinclair to report to the custody of the Attorney General on March 6, 1978 to begin service of his sentence. Sinclair failed to report to the custody of the Attorney General on March 6, 1978. To date, Sinclair has yet to report for service of his sentence.

Despite his failure to begin service of his sentence, Sinclair asserts he is not a fugitive from justice. Rather, he insists that prior to the scheduled commencement of his sentence, he traveled to Trinidad to locate a place for his wife and family to reside while he served his prison sentence. When he attempted to return to the United States on or about March 6, 1978, Sinclair asserts he was advised by immigration officials that given his conviction, he would not be permitted to re-enter the United States. Sinclair subsequently established residence in England. He now remains in England where he is opposing a February 15, 1988 arrest by British law enforcement authorities pursuant to an extradition request by the United States based upon his conviction in this Court.

On or about June 1, 1988, Sinclair filed two motions. First, Sinclair seeks an order vacating his judgments of conviction by this Court because of a failure of proof at trial and because of an alleged variance in proof between the scheme to defraud alleged in the indictment and the scheme to defraud proven at trial. Second, Sinclair seeks an order reducing his sentence because of a disparity in sentences between Sinclair and his codefendant. The United States Government has moved to dismiss both motions.

*Section 2255*

A prisoner by use of 28 U.S.C. § 2255 ("§ 2255") is provided a means to attack a sentence imposed by a federal court. The statute empowers a court to hear a petition that has emanated from a person who is "in custody."[1] The definition of the term "in custody" has been read broadly by the courts. Generally, a federally imposed condition that confines and restrains a defendant's freedom will constitute custody. 17A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 4262 (1988). Thus, a defendant on parole, probation or suspended sentence with a threat of future imprisonment is considered in custody. *Id.*

---

1. The applicable portion of 28 U.S.C. § 2255 states:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Defendant, Sinclair, seeks this Court to include in its interpretation of the "in custody" requirement of § 2255 his arrest and subsequent release on bail by British law enforcement authorities pursuant to the United States' demand for his extradition. However, inherent in a federal habeas remedy is the ability of a federal court to direct the release of the person in custody. Thus, the remedy is only available for a person in custody under federal, state, or military authority. *See* Wright at § 4261 (writ issues to test detention of any person held under custody of United States). However, no habeas remedy exists for a person held by a sovereign outside federal authority. *See Hirota v. MacArthur*, 338 U.S. 197, 69 S.Ct. 197, 93 L.Ed. 1902 (1948) (no habeas corpus for war criminal convicted and sentenced by Allied Military Tribunal). Sinclair's restraint is imposed by a foreign sovereign. He is not in custody pursuant to a federally imposed condition or restraint. This Court has no authority nor the ability to order a foreign sovereign to release Sinclair and has no jurisdiction to adjudicate Sinclair's § 2255 petition.

*Rule 35 .*

Federal Rule of Criminal Procedure 35(b), allows a court, at its discretion, to reduce a lawfully imposed sentence.[2] A Rule 35(b) motion must be made within 120 days from the imposition of sentence or its affirmance on appeal. The 120–day time period is jurisdictional and cannot be extended by order of a court. *United States v. Addonizio*, 442 U.S. 178, 189, 99 S.Ct. 2235, 2242, 60 L.Ed.2d 805 (1979); *Gov't of Virgin Islands v. Gereau*, 603 F.2d 438, 440 (3d Cir.1979). Here, Sinclair's sentence was affirmed in early 1978. Therefore this Court is without jurisdiction to hear Sinclair's motion.

Despite the lapse of the 120–day period, Sinclair argues that pursuant to *Gereau*, unique circumstances exist that excuse his otherwise untimely filing of a Motion to Reduce Sentence under Rule 35(b). In *Gereau*, the Court of Appeals for the Third Circuit held that "where a defendant or his counsel is affirmatively misled by some government authority as to the date by which a Rule 35 motion must be filed (even though the government authority acted in complete good faith) a late filing will not deprive the court of jurisdiction to decide the motion." 603 F.2d at 442.

Sinclair asserts his alleged refusal of re-entrance by United States immigration officials is an analogous unique circumstance and therefore this Court should expand the jurisdictional time period an additional 10 years. Sinclair does not aver that he or his attorney was told an incorrect time period in which a Rule 35 motion may be filed. Neither he nor his attorney was ever affirmatively misled as to the time for filing a Rule 35 motion and consequently this Court cannot expand the 120–day time period.

*Conclusion*

For the reasons stated above, this Court will issue an order (1) granting the United States Government's motion to deny defendant's motion for reduction of sentence and (2) granting the United States Government's motion to dismiss defendant's petition for relief under § 2255.

**2.** The Rule applicable to offenses committed prior to November 1, 1987 reads as follows:
    (b) Reduction of Sentence. A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within 120 days after the sentence is imposed or probation is revoked, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.
Fed.R.Crim.P. 35(b).