STATE OF NEBRASKA, APPELLEE, V. DONALD MELTON, APPELLANT.
477 N.W.2d 154

Filed November 22, 1991.   No. 90-699.

Richard A. Koehler for appellant.

Don Stenberg, Attorney General, and Donald A. Kohtz for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

FAHRNBRUCH, J.

Unconvinced that the evidence supports the jury's finding that he is guilty of violating Neb. Rev. Stat. § 28-931(1) (Reissue 1989), assault on a peace officer in the third degree, Donald Melton appeals that conviction. For that felony, the defendant was sentenced to 18 months' imprisonment, the sentence to run consecutively to the sentences imposed upon Melton on other charges. We affirm the defendant's conviction on the assault charge.

The jury also convicted Melton of a second charge: damaging property owned by Fillmore County. The defendant has not appealed that conviction or the penalty imposed on that charge. We need, therefore, to discuss only Melton's conviction of assault upon a peace officer, third degree.

The Supreme Court will not set aside a guilty verdict in a criminal case when such verdict is supported by relevant evidence. Only when evidence lacks sufficient probative force as a matter of law may the Supreme Court set aside a guilty verdict as unsupported by evidence beyond a reasonable doubt. *State v. Martin, ante* p. 339, 476 N.W.2d 536 (1991).

About 6:30 p.m., January 6, 1990, a police officer and a deputy sheriff, while investigating a stolen truck report, observed Melton underneath a truck located in close proximity to a tire store in Geneva, Nebraska. The vehicle under which Melton was seen matched the description of the recently reported stolen truck. As the officers approached Melton, he began walking away from them. At that time, the defendant told Geneva police officer James Gewacke that he was going

home. Upon the officers' request, Melton accompanied Gewacke to the sheriff's office. Melton was not placed under arrest. The two law enforcement officers testified they merely wanted to talk to the defendant about the stolen truck.

Inside the sheriff's office, Melton began to take off his jacket. As he was doing this, Deputy Sheriff William Hogue, who had gone to the sheriff's office and was standing behind the defendant, observed that Melton was wearing a type of kitchen paring knife on his belt. Hogue reached forward and asked the defendant for the knife. Melton spun around. With an open hand, the defendant slapped Deputy Hogue on the right side of his face. The force of the blow knocked the eyeglasses Hogue was wearing 10 to 12 feet across the room. The defendant then slapped Hogue a second time, again on the right side of the deputy's face. When Melton attempted to strike Hogue a third time, the defendant caught a portable radio microphone attached to Hogue's jacket lapel. Hogue testified that following the first blow he felt pain and numbness in his right cheek.

Following presentation of the State's case in chief, the defendant moved for a directed verdict, claiming that (1) no evidence had been presented showing that Deputy Hogue had been acting in his official capacity when he was struck and that (2) there was no evidence that Deputy Hogue sustained bodily injury. When the motion was overruled, the defendant rested. After the jury was instructed, the case was submitted to it. The jury returned a verdict finding Melton guilty of assault on a peace officer, third degree.

On appeal, Melton does not assign as error or discuss whether Deputy Hogue was acting in his official capacity as a peace officer when he was struck by the defendant. To be considered by the Supreme Court, an error must be assigned and discussed in the brief of one claiming that prejudicial error has occurred. *State v. Keithley*, 238 Neb. 966, 473 N.W.2d 129 (1991). In this court, the defendant claims only that the trial court erred in submitting the assault on a peace officer in the third degree charge to the jury. Melton argues that there was insufficient evidence that Deputy Hogue suffered bodily injury as a result of the defendant's conduct and that thus the evidence

was insufficient to convict him.

Section 28-931 provides in part: "(1) A person commits the offense of assault on an officer in the third degree if he or she intentionally, knowingly, or recklessly causes bodily injury to a peace officer . . . while such officer . . . is engaged in the performance of his or her official duties." A deputy sheriff is a peace officer. See Neb. Rev. Stat. § 23-1704 (Reissue 1987). Physical pain is a bodily injury as defined by Neb. Rev. Stat. § 28-109(4) (Reissue 1989). Hogue testified he suffered physical pain as a result of Melton's slapping the deputy's right cheek. The blow was so forceful that it knocked the glasses Hogue was wearing across the room. From Deputy Hogue's testimony, the jury could find beyond a reasonable doubt that Melton caused bodily injury to the deputy. Melton's assignment of error is without merit.

AFFIRMED.