STATE OF NEBRASKA, APPELLEE, V. STEPHEN R. STYSKAL,
APPELLANT.

493 N.W.2d 313

Filed December 11, 1992.   No. S-91-042.

Steven E. Achelpohl, of Schumacher & Achelpohl, for appellant.

Don Stenberg, Attorney General, and Mark D. Starr for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

After a Hall County Court bench trial, defendant-appellant, Stephen R. Styskal, D.D.S., was convicted of sexual assault in the third degree, in violation of Neb. Rev. Stat. § 28-320(1)(a) (Reissue 1989). For this Class I misdemeanor, Styskal was fined $1,000 and placed on 2 years' probation conditioned on certain limitations on his dental practice and his participation in counseling. On appeal, the district court for Hall County affirmed Styskal's conviction and sentence. Styskal appeals, alleging that the district court erred in finding that prior bad act evidence was admissible, refusing to remand the cause to county court for a hearing on the claim of ineffective assistance of counsel, refusing to admit an exhibit at the district court hearing on appeal, and failing to find that defendant was deprived of effective assistance of trial counsel.

The facts alleged at trial are mostly disputed by the defendant; however, when viewed in the light most favorable to the State, the evidence reveals the following: Styskal is a dentist practicing in Grand Island, Nebraska. On February 17, 1989, the victim went to see the defendant with complaints of jaw, back, and chest pain resulting from an automobile accident some 2 months prior. It is undisputed that the victim was suffering from temporomandibular joint disorder (TMJ), a jaw disorder which she hoped the defendant could treat.

Styskal examined the victim in the presence of her husband. During the examination, Styskal had the victim stand up while he lifted her sweater and massaged or palpated her back, starting at her shoulders. As the defendant moved his hands toward her lower back, he pulled down the victim's pants and, unknown to the victim's husband, placed his finger in the victim's anus. Styskal then briefly checked the victim's teeth and proceeded to examine her chest. Styskal lifted the front of the victim's sweater, palpated her sternum, and proceeded to expose and hold her right breast. According to the victim, the defendant then stated, "[O]ops, I'm sorry," and he removed his hand from her breast. The victim's husband was able to observe that his wife's buttocks and right breast were exposed sometime during the respective back and chest examinations.

In his defense, Styskal denies touching the victim's buttocks,

anus, or breast. Instead, Styskal asserts that he merely performed an examination for TMJ, which includes an inspection of the jaw, mouth, muscles of mastication (chewing), and the trapezius muscles (a pair of large back muscles). Because the victim complained of chest pain, his examination also included the sternalis muscle (a chest muscle attached to the breastbone). Defendant offered several excerpts from a medical treatise into evidence, along with a brief technical letter from another Grand Island dentist, both of which described muscle evaluations for head and jaw examinations.

The victim and her husband both testified at trial. The State also called two of Styskal's former patients to testify. These two witnesses were allowed to recall, over a Neb. Rev. Stat. § 27-404(2) (Reissue 1989) objection by the defense, separate and independent incidents when Styskal inappropriately touched their breasts during dental examinations in 1985. The first witness visited Styskal for a routine checkup and had no specific medical complaints or problems. The second witness visited Styskal for her yearly checkup and complained of pain in her right jaw from a suspected bad tooth. Both witnesses related their shock when Styskal unexpectedly examined their axillary and breast area.

At the conclusion of the evidence, the county court found the defendant guilty of the offense charged. After a presentence investigation was completed, Styskal was sentenced as noted above. Styskal appealed his conviction and sentence to the district court for Hall County. In the notice of appeal to the district court, Styskal asserted that the judgment was not supported by the evidence, that the conviction was in contravention of state law, and that the judgment was contrary to the Sixth Amendment of the U.S. Constitution and article I, § 11, of the Nebraska Constitution.

The district court held that the testimony of the two prior patients did not violate the prohibition in § 27-404(2), which holds that prior bad acts are inadmissible to show the defendant's propensity or disposition to commit the crime. The court found the evidence properly admissible to prove the necessary intent required by the definition of sexual contact in

Neb. Rev. Stat. § 28-318(5) (Reissue 1989) and found that the probative value of the testimony was not outweighed by the damage of unfair prejudice. The court also sustained a State objection to an exhibit offered in support of an ineffective assistance of counsel claim. Finding no error on the record nor any abuse of discretion, the district court affirmed the county court's judgment of conviction and sentence, and this appeal ensued.

We note that no assignments of error were filed with the district court, nor were the appeal briefs to the district court made a part of the record brought before this court. However, since the appeal to the district court was filed just prior to our decision in *State v. Erlewine*, 234 Neb. 855, 452 N.W.2d 764 (1990), and well before the adoption of Neb. Ct. R. of Cty. Cts. 52(I)(G) (rev. 1992), this court will consider those errors which could have been properly raised and preserved in the district court.

Under Neb. Rev. Stat. § 25-2733 (Reissue 1989), in an appeal of a criminal case from the county court, the district court acts as an intermediate court of appeal, and as such, its review is limited to an examination of the county court record for error or abuse of discretion. *State v. Sock*, 227 Neb. 646, 419 N.W.2d 525 (1988). Both the district court and the Nebraska Supreme Court generally review appeals from the county court for error appearing on the record. *Erlewine, supra*.

Styskal alleges that the district court erred in upholding the admissibility of the testimony of the two prior patients. Styskal argues that this testimony concerned prior bad acts that were probative only to show his propensity to commit the crime and were therefore inadmissible under § 27-404(2).

It is firmly established that § 27-404(2) is a rule of inclusion which permits the use of relevant other crimes, wrongs, or acts for all purposes except to prove the character of a person in order to show that such person acted in conformity with that character. *State v. Kern*, 224 Neb. 177, 397 N.W.2d 23 (1986). The statute states several purposes for which prior bad acts are admissible: as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. This list of acceptable uses is illustrative and not

intended to be exclusive. *State v. Stephens*, 237 Neb. 551, 466 N.W.2d 781 (1991) (citing *State v. Yager*, 236 Neb. 481, 461 N.W.2d 741 (1990)).

The crime with which Styskal was charged required that the State prove that Styskal acted with the intent to touch "the victim's sexual or intimate parts" and that the sexual contact included only conduct which could "be reasonably construed as being for the purpose of sexual arousal or gratification of either party." § 28-318(5). In addition to denying that he touched the victim's buttocks, anus, or breasts, the defense attempted to justify the defendant's examination of the chest and back areas as necessary for a diagnostic purpose related to the victim's TMJ condition and chest complaints. The testimony of the two prior patients, who both related similar inappropriate contact during routine dental checkups, was admissible to disprove that the purpose of the examination of the chest area was within specific diagnostic criteria and to prove that the purpose of the examination was instead contact for sexual arousal or gratification.

Aside from the intent issue, the witnesses' testimony was also admissible to demonstrate the absence of consensual contact. Defendant testified that he had explained the procedure he was about to perform, implying that he had received the victim's consent prior to any touching. The testimony of the two prior patients substantiated the victim's claim that he unexpectedly examined her without any prior explanation or forewarning. Finally, the victim's testimony that defendant stated, "[O]ops, I'm sorry," also makes the evidence of the prior incidents admissible for the purpose of proving absence of mistake.

Having found that the testimony of the prior patients was relevant and admissible for a proper purpose under § 27-404(2), we must next determine whether the probative value of the testimony was not substantially outweighed by the danger of unfair prejudice, in violation of Neb. Rev. Stat. § 27-403 (Reissue 1989). Most evidence a party offers is prejudicial to the opposing party and is only unfair prejudice if it tends to suggest a decision on an improper basis. *Stephens, supra.* We note that where a victim's accusations of improper contact, standing alone, seem improbable or a result of a

misunderstanding in light of the necessary proximity and contact between a dentist and a patient, the relevancy and probative value of evidence substantiating the victim's claim is great. Balancing the probative value of the testimony against the danger of unfair prejudice is within the discretion of the trial court, and we find no indication in the record to suggest that the court admitted the evidence for an impermissible purpose.

We next address the defendant's assertions that either his cause should have been remanded to county court for a hearing on the claim of ineffective assistance of counsel or the district court should have admitted his proffered exhibit and found that defendant was deprived of effective assistance of trial counsel. Styskal argues that since trial counsel failed to file a motion for new trial, and since he is not entitled to postconviction relief because he is not "in custody" within the meaning of Neb. Rev. Stat. § 29-3001 (Reissue 1989), he was deprived of an opportunity to evidence an ineffective assistance of counsel claim. We find these assertions are without merit.

This court has yet to address whether a defendant on probation is within the "in custody" requirement of our postconviction relief statutes. We have previously held that a prisoner on parole is sufficiently restricted to render that person "in custody under sentence" for purposes of the Nebraska Postconviction Act, Neb. Rev. Stat. § 29-3001 et seq. (Reissue 1989). *State v. Thomas*, 236 Neb. 553, 462 N.W.2d 862 (1990). The "in custody under sentence" language in postconviction relief statutes is generally patterned after the federal habeas corpus remedies of 28 U.S.C. § 2255 (1988). Noting that probation conditions impose substantial restraints on defendants, other jurisdictions have held that defendants on probation should also be considered "in custody" for purposes of postconviction relief statutes which impose the same or similar restriction as the federal procedure. See, *Wright v. United States*, 732 F.2d 1048 (2d Cir. 1984), *cert. denied* 469 U.S. 1106, 105 S. Ct. 779, 83 L. Ed. 2d 774 (1985); *United States v. Condit*, 621 F.2d 1096 (10th Cir. 1980); *U.S. v. Sinclair*, 702 F. Supp. 477 (D. Del. 1989); *State v. Bolyea*, 520 So. 2d 562 (Fla. App. 1988); *Adams v. State*, 677 S.W.2d 408 (Mo. App. 1984).

Our postconviction act is a broader basis for relief than the federal remedies. *Thomas, supra.* Under a broad reading of the language of § 29-3001, we hold that court-ordered probation constitutes "custody under sentence" for postconviction relief remedies under the Nebraska Postconviction Act. Because Styskal is entitled to ask for postconviction relief, his due process rights were not violated when the district court refused to remand the cause for an evidentiary hearing and refused to admit the exhibit.

Styskal also argues that the district court erred in not finding the record evidenced that he was deprived of effective assistance of counsel. To sustain a successful claim of ineffective assistance of counsel, a defendant must prove that (1) counsel's performance was deficient and that (2) such deficient performance prejudiced the defense. *State v. Ellefson*, 231 Neb. 120, 435 N.W.2d 653 (1989).

Defendant first asserts that his trial counsel was ineffective because he failed to offer the Department of Health disposition proceeding to rebut the testimony of the two witnesses who were prior patients. Styskal's trial counsel had in fact filed a motion in limine to prevent the admission of the department's disposition. The department's investigation resulted in a negotiated settlement wherein defendant admitted that the validity of the axillary examinations he performed was in question and agreed that he would no longer conduct such examinations. This admission alone would potentially buttress the testimony of the two witnesses instead of rebutting the effect of their allegations as asserted by defendant. Furthermore, if Styskal's trial counsel had offered the department's report, the State could possibly have offered the complete record of the investigation. This investigation included separate allegations, confirmed by at least six of Styskal's employees, that Styskal had inappropriately touched other attractive female patients, as well as the employees themselves, on numerous occasions. Any assertion that Styskal's trial counsel was ineffective because he failed to open the door to have such evidence offered at trial is preposterous.

Styskal further asserts that his trial counsel was ineffective because he did not offer evidence of the standard of care

relating to examinations for TMJ other than the one letter of a local dentist and Styskal's own testimony. Considering that defendant admitted that a proper TMJ examination would not have included contact with a patient's breasts or buttocks, and considering that the State did not offer any expert testimony that contradicted the defendant's medical explanation, defendant has failed to demonstrate how he was prejudiced by this decision of his counsel. The department's investigation, which the trial judge reviewed only for sentencing purposes, reveals that the local dentists and dental schools agreed that a dentist should not touch a patient below the collarbone. We find that Styskal's trial counsel's decision not to call an expert witness, who could have done more harm than good by contradicting the defense, was not deficient or sufficiently prejudicial to support an ineffective assistance of counsel claim.

To reiterate, we find that the district court did not err in refusing to remand the cause to the trial court for an evidentiary hearing or in refusing to admit defendant's proffered exhibit. We also find that the trial court did not err in ruling that the evidence of the defendant's inappropriate contact with other patients was admissible for a proper purpose and did not unfairly prejudice the defendant. Finding the assignments of error without merit and the record void of any plain error, we hold that defendant's conviction and sentence for third degree sexual assault are affirmed.

AFFIRMED.