STATE OF NEBRASKA, APPELLEE, V. LARRY E. BELL, APPELLANT.
493 N.W.2d 339

Filed December 31, 1992.    No. S-91-681.

Mary Lee Skaff for appellant.

Don Stenberg, Attorney General, and Marilyn B. Hutchinson for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

HASTINGS, C.J.

Defendant, Larry E. Bell, was convicted by a jury of shoplifting an item worth less than $100, in violation of Neb. Rev. Stat. § 28-511.01 (Reissue 1989). Following an enhancement hearing, this conviction was found to be a third offense and as such, under the provisions of Neb. Rev. Stat. § 28-518(6) (Reissue 1989), became a Class IV felony. Defendant was sentenced to a term of imprisonment of 20 months to 5 years.

Defendant assigns as error that the court erred (1) in excluding evidence of defendant's poor memory; (2) in enhancing defendant's sentence under the provisions of § 28-518(6), despite the fact that such statute is unconstitutional as being cruel and unusual punishment; (3) in committing an abuse of discretion by imposing a 5-year sentence for shoplifting an item valued at only $12.99; and (4) in permitting a juror to sleep through closing arguments and jury instructions, which constituted juror misconduct prejudicial to the defendant. We affirm.

On February 14, 1991, defendant set off the alarm system at an Omaha drugstore with a wallet which contained a label which had not been desensitized by a checkout clerk. Defendant reentered the store, pulled the wallet out of a pocket, and asked to purchase it. The retail value of the wallet was $12.99. When the drugstore's manager requested that defendant accompany him to the backroom in order to complete some forms, defendant attempted to flee the premises, but was apprehended by the manager.

Defendant contends that he remembered picking up the wallet, but did not remember that he still had it on his person when he attempted to leave the store.

In reviewing a criminal conviction, an appellate court does not resolve conflicts of evidence, pass on credibility of witnesses, evaluate explanations, or reweigh evidence. Such matters are for the finder of fact, and the verdict must be sustained if the evidence, viewed and construed most favorably to the State, is sufficient to support the conviction. *State v.*

*Sexton*, 240 Neb. 466, 482 N.W.2d 567 (1992).

Normally, an appellate court will not set aside a guilty verdict in a criminal case when such verdict is supported by relevant evidence unless such evidence lacks sufficient probative force as a matter of law to sustain a guilty verdict beyond a reasonable doubt. *State v. Melton*, 239 Neb. 576, 477 N.W.2d 154 (1991).

Defendant sought to admit evidence that he phoned his place of employment every day, allegedly because he could not remember when he was scheduled to work. The court sustained the prosecutor's relevancy objection, which is the subject of defendant's first assignment of error.

Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Neb. Evid. R. 401, Neb. Rev. Stat. § 27-401 (Reissue 1989).

There are two components to relevant evidence:

"[M]ateriality and probative value. Materiality looks to the relation between the propositions for which the evidence is offered and the issues in the case. If the evidence is offered to help prove a proposition which is not a matter in issue, the evidence is immaterial. What is 'in issue,' that is, within the range of the litigated controversy, is determined mainly by the pleadings, read in the light of the rules of pleading and controlled by the substantive law....

"The second aspect of relevance is probative value, the tendency of evidence to establish the proposition that it is offered to prove...."

*State v. Baltimore*, 236 Neb. 736, 740, 463 N.W.2d 808, 812 (1990) (quoting McCormick on Evidence § 185 (Edward Cleary 3d ed. 1984)). We have consistently held that to be relevant, evidence must be rationally related to an issue by a likelihood, not a mere possibility, of proving or disproving an issue to be decided. *State v. Coleman*, 239 Neb. 800, 478 N.W.2d 349 (1992).

The ability to remember one's varying work schedule for the week is certainly distinguishable from remembering within a span of a few minutes whether one is carrying merchandise

from a store without paying for it. Defendant was permitted to testify that he had not remembered that he was still carrying the wallet when he began to exit the drugstore. The prohibited testimony added nothing to that point.

Defendant complains of, but did not argue to the trial court the unconstitutionality of § 28-518(6) or of the enhancement of his crime to a Class IV felony. Constitutional questions not properly raised in the trial court will not be considered on appeal. See *State v. Oldfield*, 236 Neb. 433, 461 N.W.2d 554 (1990). Thus, the argument is considered to have been waived, and our consideration of the assignment is not appropriate.

As to the alleged excessiveness of the sentence, we have continually held that a sentence imposed within statutory limits will not be disturbed on appeal absent an abuse of discretion by the trial court. *State v. Smith*, 240 Neb. 97, 480 N.W.2d 705 (1992); *State v. Wounded Arrow*, 240 Neb. 44, 480 N.W.2d 205 (1992); *State v. Knight*, 239 Neb. 958, 479 N.W.2d 792 (1992). In considering a sentence to be imposed, the sentencing court is not limited in its discretion to any mathematically applied set of factors; the appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *State v. Wounded Arrow, supra*. In imposing a sentence, a sentencing judge should consider the defendant's age, mentality, education, experience, and social and cultural background, as well as his or her past criminal record or law-abiding conduct, motivation for the offense, nature of the offense, and the amount of violence involved in the commission of the crime. *State v. Smith, supra*.

Bell's criminal record itself speaks to the legitimacy of his sentence. He has been convicted and sentenced to probation or incarceration for extended periods of time in the past. Neither probation nor varying sentences of incarceration have taught him the value of avoiding criminal encounters with the legal system. In light of his record, the imposed sentence does not display an abuse of discretion on the part of the sentencing court and is not excessive.

Finally, defendant assigns as error that a juror allegedly slept

during the trial's closing arguments and the giving of jury instructions. Defendant concedes that trial counsel did not timely object at trial, and no evidence of such misconduct appears in the bill of exceptions.

The party appealing has the responsibility of including within the bill of exceptions matters from the record which the party believes are material to the issues presented for review. Neb. Rev. Stat. § 25-1140 (Reissue 1989); *State v. Biernacki*, 237 Neb. 215, 465 N.W.2d 732 (1991). A bill of exceptions is the only vehicle for bringing evidence before an appellate court. Evidence which is not made a part of the bill of exceptions may not be considered. *State v. Biernacki, supra*.

Assignments of error requiring an examination of the evidence are not available on appeal in the absence of a bill of exceptions that includes that evidence. A bill of exceptions is the only vehicle for bringing evidence to an appellate court; this remains so even though certain evidence has been physically filed in the office of the clerk of the trial court. *West Town Homeowners Assn. v. Schneider*, 221 Neb. 674, 380 N.W.2d 265 (1986).

Absent plain error, when an issue is raised for the first time in an appellate court, it will be disregarded, inasmuch as the court whose judgment is being reviewed cannot commit error regarding an issue never presented and submitted for disposition. *State v. Green*, 238 Neb. 328, 470 N.W.2d 736 (1991); *State v. Whitmore*, 238 Neb. 125, 469 N.W.2d 527 (1991).

Plain error may be found on appeal when an error, unasserted or uncomplained of at trial, but plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would cause a miscarriage of justice or damage the integrity, reputation, and fairness of the judicial process. *State v. Wilcox*, 239 Neb. 882, 479 N.W.2d 134 (1992). No such error is evident from the record.

The judgment of the district court is affirmed.

AFFIRMED.