STATE OF NEBRASKA, APPELLEE, V. ELIZABETH E. WOOD,
APPELLANT.

511 N.W.2d 90

Filed January 28, 1994.    No. S-93-126.

David R. Uher for appellant.

Don Stenberg, Attorney General, and Kimberly A. Klein for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, FAHRNBRUCH, and LANPHIER, JJ., and GRANT, J., Retired.

LANPHIER, J.

Elizabeth E. Wood appeals her conviction and sentence for possession of marijuana with intent to deliver. Before trial, the court determined that Wood was indigent and appointed an attorney for her. At trial, the district court admitted testimony, over Wood's objections, of her prior misconduct. After conviction, the district court sentenced Wood to 36 months' probation and ordered her to reimburse the county for her court-appointed attorney's fees as a condition of probation. This court granted her petition to bypass review by the Nebraska Court of Appeals. We affirm as modified.

## STATEMENT OF FACTS

On June 8, 1992, during a routine traffic stop, Wood consented to a search of her vehicle by Nebraska State Trooper Duff Jensen. For his own safety, Jensen asked Wood and another passenger, Wood's son, to step out of the vehicle while he conducted the search. Again for safety reasons, he then

asked Wood if she had anything in the pockets of the jacket she was wearing. Wood reluctantly removed a small cloth pouch from her pocket and showed it to Jensen. When Jensen asked her what the contents of the bag were, she responded by opening the bag far enough for him to see some plastic baggies containing a green leafy substance. Believing the substance to be marijuana, Jensen asked Wood to give him the pouch. In the pouch Jensen discovered five plastic bags of marijuana, an empty bag, a pipe made from a deer antler, two packs of rolling papers, a small pair of scissors, and $182.25 in cash. A search of the vehicle produced a marijuana pipe and a pair of forceps.

After being informed of her rights, Wood later admitted to the investigating officer, Galen Svoboda, that the marijuana belonged to her. An attorney was appointed to represent Wood after a finding of indigence. At trial, Wood testified on her own behalf that she was a marijuana user and that the marijuana found in the pouch was for her own personal use. Carl Schultz, a witness for the prosecution, testified he had seen Wood with marijuana on approximately four or five prior occasions. One of those occasions occurred when Wood came to Schultz' home and asked Schultz if he wanted to "get high." Schultz accepted Wood's offer and testified that Wood "rolled" a marijuana cigarette and gave it to him to smoke. Wood's objections to the testimony were overruled. The trial court advised the jury that Schultz' testimony was only for the purpose of assisting them in deciding whether or not Wood had intended to commit the offense charged, possessing marijuana with the intent to deliver. The court repeated this instruction at the end of Schultz' testimony.

Wood was convicted, and on January 11, 1993, she was sentenced to a term of probation of 36 months. One of the conditions of her probation required Wood to reimburse Pierce County for fees paid to her court-appointed attorney. Wood raised no objections to this condition of probation at the time of sentencing.

Wood asserts the trial court erred in conditioning her probation on her reimbursing Pierce County for her court-appointed attorney's fees, without making a determination that she was no longer indigent. In the

alternative, she claims that if the statutory scheme authorizes recoupment of attorney fees absent a reconsideration of continued indigence, then the statutory scheme violates her constitutional right to counsel. Wood also claims the court erred in admitting the testimony of Schultz regarding Wood's prior bad acts.

## CONDITION OF PROBATION

### PRESERVATION OF ISSUE

At Wood's sentencing hearing, the trial court sentenced Wood to a term of 36 months' probation. As a condition of probation, the court ordered Wood to reimburse the county for the expenses incurred in providing a court-appointed attorney for her after an earlier finding of indigence. After imposing the sentence, the trial court asked Wood if she had any objection to this sentence. Wood replied in the negative. The amount of fees had not been predetermined. She now claims the court went beyond its power in imposing the reimbursement of attorney fees as a condition of probation without first determining that she was no longer indigent.

The State asserts we cannot hear the sentencing issue because Wood did not raise an objection at trial. Absent plain error, when an issue is raised for the first time in an appellate court, it will be disregarded, inasmuch as the court whose judgment is being reviewed cannot commit error regarding an issue never presented and submitted for disposition. *State v. Bell*, 242 Neb. 138, 493 N.W.2d 339 (1992). However, since it is the sentence which is the judgment, Wood's objection to her sentence was through the appeal procedure as set forth in Neb. Rev. Stat. § 25-1911 et seq. (Reissue 1989 & Cum. Supp. 1992). See, *State v. Beverlin*, 244 Neb. 615, 508 N.W.2d 271 (1993); *State v. Spotted Elk*, 227 Neb. 869, 420 N.W.2d 707 (1988). As such, this matter is properly before us.

### STATUTORY AUTHORITY TO IMPOSE SENTENCE

Wood claims there is no statutory authorization for the condition of requiring payment of fees of the court-appointed attorney, without the court's first making a determination that she was no longer indigent. In the alternative, she claims that if

this court finds there is statutory authorization for the imposition of such a condition of probation, then such a statutory scheme denies Wood her constitutional right to counsel.

We find the statutes of this state require that when a defendant is appointed counsel after a finding of indigence, a determination that the defendant is no longer indigent is necessary before the court can require reimbursement of fees for the court-appointed attorney as a condition of probation. We do not address Wood's constitutional claim, since its determination is not necessary for the proper disposition of the question. See *State v. Wenzel*, 215 Neb. 395, 338 N.W.2d 772 (1983).

When a court sentences a defendant to probation, it may impose any conditions of probation that are authorized by statute. *State v. Escamilla*, 237 Neb. 647, 467 N.W.2d 59 (1991).

A sentence imposed within the statutory limits will not be disturbed upon appeal in the absence of an abuse of discretion by the trial court. *State v. Hand*, 244 Neb. 437, 507 N.W.2d 285 (1993); *State v. Ellen*, 243 Neb. 522, 500 N.W.2d 818 (1993).

The Nebraska Probation Administration Act, Neb. Rev. Stat. § 29-2246 et seq. (Reissue 1989 & Cum. Supp. 1992), authorizes a court, when sentencing an offender to probation, to impose reasonable conditions it deems "necessary or likely to insure that the offender will lead a law-abiding life." § 29-2262(1). Section 29-2262(2)(q) further provides that the court as a condition of probation may require an offender "[t]o satisfy any other conditions reasonably related to the rehabilitation of the offender."

Although no mention of restitution is made in § 29-2262, the trial court is given the authority to attach broad conditions to probation, in order to rehabilitate a defendant. See *State v. Escamilla, supra*. The condition of restitution of fees for the court-appointed attorney was well within the court's authority.

However, the court's authority to impose restitution of fees for court-appointed attorneys is limited by Neb. Rev. Stat. § 29-3908 (Cum. Supp. 1992), formerly § 29-1804.10 (Reissue 1989).

Section 29-3908 authorizes recoupment of court-appointed

attorney fees under certain circumstances:

> Whenever any court finds subsequent to its appointment of the public defender or other counsel to represent a felony defendant that its initial determination of indigency was incorrect or that during the course of representation by appointed counsel the felony defendant has become no longer indigent, the court may order such felony defendant to reimburse the county for all or part of the reasonable cost of providing such representation.

We have stated that " 'special provisions of a statute in regard to a particular subject will prevail over general provisions in the same or other statutes so far as there is a conflict. . . .' " *State v. Escamilla*, 237 Neb. at 651, 467 N.W.2d at 62. Since § 29-3908 specifically addresses recoupment of fees for court-appointed attorneys, its provisions regarding recoupment will prevail over the provisions of § 29-2262. In this case, prior to trial, the court had made a determination that Wood was indigent and had appointed counsel for her. Thus, at the time of sentencing, the court could have properly conditioned probation on the reimbursement of expenses, but it could only have done so after making a determination that Wood was no longer indigent. This was not done. An abuse of discretion takes place when the sentencing court's reasons or rulings are clearly untenable and unfairly deprive a litigant of a substantial right and a just result. *State v. Lowe*, 244 Neb. 173, 505 N.W.2d 662 (1993). There is no evidence in the record which would indicate that the court made a determination that Wood was no longer indigent before imposing the reimbursement of the court-appointed attorney's fees as a condition for probation. Without such a determination, it was an abuse of discretion for the lower court to require Wood to reimburse the county for her court-appointed attorney's fees as a condition of her probation.

## ADMISSION OF TESTIMONY

We now turn to Wood's claim that the testimony of Schultz concerning her prior bad acts was inadmissible. Schultz testified he had known Wood for approximately 2 years. He had seen Wood approximately 12 times over those 2 years, and

on 4 or 5 of those occasions, she had marijuana in her possession. He also testified, over Wood's objections, that she had provided him with marijuana on one of those four or five occasions.

In all proceedings where the Nebraska Evidence Rules apply, admissibility of evidence is controlled by the Nebraska Evidence Rules, not judicial discretion, except in those instances under the Nebraska Evidence Rules when judicial discretion is a factor involved in the admissibility of evidence. *State v. White*, 244 Neb. 577, 508 N.W.2d 554 (1993).

The statutes on which Wood relies are Neb. Rev. Stat. §§ 27-404(2) and 27-403 (Reissue 1989). We have stated that § 27-404(2) is an inclusionary rule which permits the use of relevant prior bad acts for all purposes except to prove the character of a person in order to show that such person acted in conformity with that character. *State v. Styskal*, 242 Neb. 26, 493 N.W.2d 313 (1992). The statute sets forth the circumstances under which evidence of prior bad acts is admissible: as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *Id.*

However, evidence which is otherwise admissible under § 27-404(2) may be excluded under § 27-403 if its probative value is substantially outweighed by other considerations.

Accordingly, we review the admission of evidence of other acts by considering (1) whether the evidence was relevant, (2) whether the evidence had a proper purpose, (3) whether the probative value of the evidence outweighed its potential for unfair prejudice, and (4) whether the trial court, if requested, instructed the jury to consider the evidence only for the purpose for which it was admitted. *State v. Martin*, 242 Neb. 116, 493 N.W.2d 191 (1993).

It is within the discretion of the trial court to determine admissibility of evidence of other wrongs or acts, and the trial court's decision will not be reversed absent an abuse of that discretion. *State v. Bronson*, 242 Neb. 931, 496 N.W.2d 882 (1993).

Relevant evidence means any evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable

than it would be without the evidence. Neb. Rev. Stat. § 27-401 (Reissue 1989). To be relevant, evidence must be rationally related to the issue by a likelihood, not a mere possibility, of proving or disproving the issue to be decided. *State v. Bell*, 242 Neb. 138, 493 N.W.2d 339 (1992).

The testimony provided by Schultz was relevant and proper to establish Wood's intent to deliver the marijuana. Wood was charged with possession of marijuana with intent to deliver. See Neb. Rev. Stat. § 28-416(1)(a) (Cum. Supp. 1992). Although Wood admitted she owned the marijuana found on her, the State was required to show that she intended to deliver it. Schultz testified that when Wood came to his house and gave him and others marijuana to smoke, she carried marijuana, rolling papers, and scissors in the same pouch as the one she carried on the day she was arrested. He also testified that she offered him the substance for his use and that when he accepted, she "rolled" him a marijuana cigarette. His testimony served to prove that the marijuana Wood carried in the pouch was intended not merely for her own personal use, but for the use of others as well.

In determining whether the probative value of testimony outweighs its potential for unfair prejudice, we have stated that most evidence a party offers is prejudicial to the opposing party, and it is only unfair prejudice if it tends to suggest a decision on an improper basis. *State v. Styskal, supra.* Wood cites nothing in the record which would support the contention that the testimony was unfairly prejudicial to her. We have found nothing which would show that the jury's decision to convict her was made on an improper basis. The evidence showed that Wood admitted to owning the marijuana contained in the pouch. The sole question was whether she intended to deliver the marijuana or consume it herself. The testimony of Schultz was properly admitted to show intent to deliver. In this instance, any prejudice resulting from the testimony was not unfair and did not outweigh the testimony's probative value.

Furthermore, the fourth prong of the test to determine admissibility of evidence of other acts is satisfied because the trial court, on its own motion, instructed the jury that the

testimony regarding Wood's prior bad acts was received for the limited purpose of helping them decide whether Wood had the intent to deliver the marijuana. He admonished them to consider the evidence for that purpose alone and gave the same instruction immediately after Schultz' testimony. On these facts, we find there was no abuse of discretion in admitting the evidence of Wood's prior bad acts.

## CONCLUSION

We find that the trial court properly admitted the testimony concerning the prior bad acts of Wood. In addition, we find the court was authorized to condition probation on Wood reimbursing the county for her court-appointed attorney's fees. However, because we find the sentencing court abused its discretion in making the condition without first determining that Wood was no longer indigent, we vacate that portion of Wood's sentence requiring her to reimburse the county for her court-appointed attorney's fees.

AFFIRMED AS MODIFIED.