REQUESTED BY: Scott Moore Nebraska Secretary of State Chairman, State Records Board
In your capacity as Chairman of the State Records Board (the "Board"), you have requested an opinion from us regarding "the laws governing the establishment of fees for electronic access to public information administered by the Board." You state that Neb. Rev. Stat. § 84-1205.03 (Cum. Supp. 1998) currently requires state agencies which desire to provide public records in an electronic format through a gateway for a fee to apply to the Board and follow various procedures for the establishment of electronic access fees. You also point out that Neb. Rev. Stat. § 60-483 (4) (1998) provides that the Director of the Nebraska Department of Motor Vehicles (the "Department") may enter into an agreement to provide information concerning various traffic citations and administrative actions, and that such an agreement may establish the price for such information. You then ask:
 Does Neb. Rev. Stat. § 60-483 (4) give the Director of the Department of Motor vehicles the authority to enter into contracts for the sale of information as described in § 60-483 (4), through a gateway, without making a written request for approval through the Board and going through the procedures established for the setting of fees pursuant to Neb. Rev. Stat. § 84-1205.03?
Two portions of the Nebraska statutes are at issue in your opinion request. First, § 84-1205.03 (1), which is part of the Records Management Act, provides:
 Any state agency other than the courts desiring to enter into an agreement to or otherwise provide electronic access to public records through a gateway for a fee shall make a written request for approval to the [State Records] board. The request shall include, but not be limited to, (a) a copy of the contract under consideration if the electronic access is to be provided through a contractual arrangement, (b) the public records which are the subject of the contract or proposed electronic access fee, (c) the anticipated or actual timeline for implementation, and (d) any security provisions for the protection of confidential or sensitive records. The board shall take action on such request in accordance with section 84-1205.02 and after a public hearing within thirty days after receipt. The board may request a presentation or such other information as it deems necessary from the requesting state agency.
Under the Records Management Act, the term "electronic access" is defined to mean "collecting, sharing, disseminating, and providing access to public records electronically," and the term "gateway" is defined to mean "any centralized electronic information system by which public records are provided through dial-in modem or continuous link." Neb. Rev. Stat. §§ 84-1202
(14) and 84-1202 (15) (Cum. Supp. 1998).
Apart from the Records Management Act, Section 60-483 (4), which is a portion of the Nebraska Statutes dealing with the Department of Motor Vehicles, provides:
 The director [of the Department of Motor Vehicles] may enter into an agreement with any person to provide the person information regarding adjudicated traffic citations or administrative actions from the records produced for or developed by the department for purposes related to maintenance of the driver records information data base. The agreement may determine the periodic basis, cost, and media on which the information will be provided.
You wish to know whether § 60-483 (4) allows the Director of the Department of Motor Vehicles to provide the enumerated motor vehicle records through an electronic gateway for a fee without engaging in the process contemplated in § 84-1205.03 (1).
While the result is not entirely clear, it appears to us that the better answer to your question is that § 60-483 (4) does not allow the Director of the Department of Motor Vehicles to contract for access to motor vehicle records through an electronic gateway for a fee without the approval of the State Records Board in the manner set out in § 84-1205.03 (1). There are several reasons why we believe that to be the better answer.
First of all, in Nebraska, special provisions of a statute on a particular subject will prevail over conflicting general provisions in the same or other statutes. State v. Wood,245 Neb. 63, 511 N.W.2d 90 (1994). In the present instance, it appears to us that § 84-1205.03 (1) deals specifically with electronic access to public records through a gateway and the procedures to be followed by state agencies with respect to fees for that particular access. In contrast, § 60-483 (4) does not specifically mention electronic access to public records through a gateway and deals with such access only to the extent that it appears to grant some general authority to the Department to contract to make such records available and to determine their cost. As a result, it appears to us that the more specific statute in this instance is § 84-1205.03 (1), and we believe its provisions control over those of § 60-483 (4).
It also appears to us that applying the requirements of § 84-1205.03 (1) in this instance over § 60-483 (4) is more consistent with the general legislative intent underlying the Records Management Act. Both § 84-1205.03 (1) and §60-483 (4) were added to the Nebraska Statutes by the same bill — LB 590 which was passed by the Legislature in 1997. 1997 Neb. Laws LB 590. That bill also added the following language to §84-1201, the statutory section which sets out the legislative intent underlying the Records Management Act:
The Legislature declares that:
 * * * (3) The increasing availability and use of computers is creating a growing demand for electronic access to public records, and agencies should use new technology to enhance public access to public records;
 (4) There must be public accountability in the process of collecting, sharing, disseminating, and accessing public records;
 (5) The Legislature has oversight responsibility for the process of collecting, sharing, disseminating, and providing access, including electronic assess, to public records and establishing fees for disseminating and providing access;
 (6) Several state agencies, individually and collectively, are providing electronic access to public records through various means, including gateways; and
 (7) There is a need for a uniform policy regarding the management, operation, and oversight of systems providing electronic access to public records.
1997 Neb. Laws LB 590, § 3 (emphasis added). In light of this express intent, and in particular in light of the stated need for a uniform policy for the operation of systems providing electronic access to public records, it makes little sense to us to read § 60-483 (4) so as to allow the Director of the Department of Motor Vehicles to set fees and requirements for access to motor vehicle records through an electronic gateway separate and apart from the State Records Board. Instead, we believe that agreements for access to such records in that fashion are subject to the requirements of § 84-1205.03 (1). Section 60-483 (4) then controls access to Department records in other forms or media such as magnetic tape.
Finally, the Legislative history of LB 590 from 1997 supports our conclusion with respect to the question which you presented. The language of § 60-483 (4) was added as an amendment to LB 590 late in the legislative process for that bill. The introducer of the amendment to LB 590 which became § 60-4 83 (4), Senator Withem, described the purpose of the amendment as follows:
 It [AM 2304 which became § 60-483 (4)] also deals with a peripheral issue that came up as this issue was unfolding. There is a company that markets itself in a way that it amasses state government information, does some adjustment to that, and then provides it to insurance companies. That information is adjudicated traffic citations and administrative actions. Its public information. This agen . . . this company is in the business of gathering that information, doing some sort of collation process and selling that to insurance companies. They exist in a number of states. They came to Nebraska last year wanting to provide their service here in Nebraska. Because of two things, number one there is no specific statutory authority for the Department of Motor Vehicles, the Director of the Department of Motor Vehicles to provide this information, and also because of the political controversy that was associated with all of these issues, the director felt very uncomfortable entering into this agreement. This [amendment] would allow specific authority for the director to enter into an agreement with any person to provide the person information regarding these adjudicated traffic citations or administrative actions from the records produced for or developed by the department for purposes related to maintenance of the drivers records information data base. This agreement may determine the periodic base cost and median (sic) which information will be provided.
Floor Debate on LB 590, 95th Neb. Leg., 1st Sess. 9005 (May 30, 1997) (Statement of Sen. Withem). Later in the floor debate, Senator Withem also described the amendment in the following terms:
 This was meant as very narrowly drafted language to deal with a specific situation that is out there. There is a company wishing to enter into this agreement. The director, in essence, doesn't mind entering into the agreement, is just concerned that he doesn't have statutory authority to do it.
Floor Debate on LB 590, 95th Neb. Leg., 1st Sess. 9006 (May 30, 1997) (Statement of Sen. Withem). As a result, it is apparent that the language of § 60-483 (4) was added to the statutes with the narrow purpose of providing the Director of the Department of Motor Vehicles with specific statutory authority to enter into contractual arrangements to provide access to certain motor vehicle records. We do not believe that the language of § 60-483 (4) was intended to supplant the general purposes of LB 590 dealing with electronic access to public records through a gateway and creation of a uniform system to bring that about. For that reason, it appears to us that electronic access to motor vehicle records through a gateway is subject to § 84--1205.03 (1).
Sincerely yours,
 DON STENBERG Attorney General
 Dale A. Comer Assistant Attorney General
Approved by:
Don Stenberg 
Attorney General