STATE OF NEBRASKA, APPELLEE, V. DEBRA A. REYNOLDS, APPELLANT.
496 N.W.2d 872

Filed March 12, 1993. No. S-91-403.

Byron M. Johnson, Scotts Bluff County Public Defender, and Bernard J. Straetker for appellant.

Don Stenberg, Attorney General, and J. Kirk Brown for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, FAHRNBRUCH, and LANPHIER, JJ.

WHITE, J.

This case comes before us on the State's petition for further review, pursuant to Neb. Rev. Stat. § 24-1107 (Cum. Supp. 1992), of a decision of the Court of Appeals reported at 1 NCA 1429 (1992). The State challenges the decision of the Court of Appeals to modify the criminal sentence imposed by the district

court upon the defendant-appellant, Debra Reynolds. The State asserts that the Court of Appeals erred in modifying defendant's sentence because the court (1) has failed to consistently apply a standard of appellate review to this and other claims of an excessive sentence without explanation or distinction; (2) failed to afford deference to the findings of the district court regarding an appropriate sentence; (3) failed to apply an "abuse of discretion" standard to the evaluation of the excessive sentence claim; (4) concluded that § 29-2308 allows the appellate courts to resentence the defendant de novo on appeal; and (5) evaluated elements in its de novo resentencing that were not in the record before the court.

A review of the factual background reveals that around 6 p.m. on August 16, 1990, defendant Reynolds walked into a bar carrying a rifle. Reynolds appeared intoxicated and was escorted back outside by a friend, Patty Moore. While standing outside the bar, Reynolds fired the rifle into the air in view of an approaching police cruiser driven by Officer Phil Martindale. Officer Martindale, who was on duty at the time, exited his cruiser and instructed the defendant to put the gun down. Upon observing the defendant aim the rifle in his direction, Martindale crouched behind his cruiser door and heard a second shot pass over his head. Subsequently, Moore, Martindale, and a third police officer were able to subdue and disarm the defendant.

Reynolds was charged and convicted by a jury of attempted first degree assault on a police officer under Neb. Rev. Stat. §§ 28-201 and 28-929 (Reissue 1989), and use of a firearm to commit a felony under Neb. Rev. Stat. § 28-1205(1) (Reissue 1989), both Class III felonies. The district court sentenced defendant to consecutive jail terms of 5 to 10 years' imprisonment on the first degree assault offense, and 5 to 10 years' imprisonment on the firearm offense.

On appeal to the Nebraska Court of Appeals, Reynolds asserted that the evidence was insufficient to support the convictions and that the sentences were excessive and constituted an abuse of discretion by the trial court. The Court of Appeals found that the record contained relevant and sufficient evidence to support the jury's verdicts. The court

further found that the imposed sentences were within statutory limits, and that it was evident Reynolds needed to be incarcerated for a substantial amount of time. Despite these findings, the court then held that the sentences appeared excessive because they were only three years less than the longest possible minimum sentence of 13 years, 4 months. Citing Neb. Rev. Stat. § 29-2308 as authority for an appellate court to reduce a sentence deemed to be excessive, the Court of Appeals then reduced the defendant's sentences to 3 to 7 years' imprisonment on each count to run consecutively.

Defendant has not sought further review of the Court of Appeals' finding that there was relevant and sufficient evidence to support the convictions. Perceiving no plain error, this finding will not be disturbed on further review.

As correctly observed by the Court of Appeals, when a sentence imposed by a court is within statutorily prescribed limits, an appellate court will not disturb the sentence unless there has been an abuse of discretion. *State v. Philipps, post* p. 894, 496 N.W.2d 874 (1993); *State v. Riley, post* p. 887, 497 N.W.2d 23 (1993).

An abuse of discretion occurs when a sentencing court's reasons or rulings are clearly untenable and unfairly deprive the litigant of a substantial right and a just result. *State v. Philipps, supra*.

Here, where defendant was convicted of two separate and distinct Class III felonies, the sentences were within the statutory limits provided by Neb. Rev. Stat. § 28-105 (Reissue 1989), and imposed consecutively in keeping with § 28-1205(3) (Reissue 1989). The record before the trial court and the Court of Appeals profiled the defendant's social history, past criminal record, active and prolonged abuse of alcohol and drugs, the significant potential for injury associated with the present crime, and the likelihood of recurrence of criminal activity.

Except under certain circumstances when the Supreme Court is reviewing a sentence of death, an appellate court does not conduct a de novo review of the record to determine whether the sentence is appropriate. *State v. Philipps, supra*; *State v. Hall*, 242 Neb. 92, 492 N.W.2d 884 (1992). Furthermore, a comparative analysis of sentences is useful only to validate an

initial judgment that a sentence is so grossly disproportionate to a crime as to be excessive, but such an analysis by an appellate court is not mandatory. *State v. Riley, supra*.

The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *State v. Riley, supra*; *State v. Bell*, 242 Neb. 138, 493 N.W.2d 339 (1992). The Court of Appeals failed to articulate, nor do we comprehend, why a sentence which is only approximately three years under the longest possible minimum sentence constitutes an abuse of the sentencing court's discretion and is therefore excessive. Recognizing that minimum sentencing limitations are a matter for the Legislature, and a sentence imposed within those limitations a matter left to the discretion of the sentencing court, we hold that the sentence imposed by the district court was not excessive.

Finding that the sentence was within the statutory limits, that the district court did not abuse its discretion, and that the sentence is not so grossly disproportionate to the crime as to be excessive, we reverse the judgment of the Nebraska Court of Appeals to the extent it modifies the sentences imposed by the district court. We remand the cause to the Court of Appeals with directions to affirm the judgment of the district court.

REVERSED AND REMANDED WITH DIRECTIONS.