STATE OF NEBRASKA, APPELLEE, V. RANDALL P. RILEY, APPELLANT.

497 N.W.2d 23

Filed March 12, 1993.    No. S-91-899.

Larry C. Johnson, of Johnson & Vaughan, P.C., for appellant.

Don Stenberg, Attorney General, Delores Coe-Barbee, and J. Kirk Brown for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, and FAHRNBRUCH, JJ., and HOWARD, D.J., Retired.

HASTINGS, C.J.

The State of Nebraska has petitioned this Court under the provisions of Neb. Rev. Stat. § 24-1107 (Cum. Supp. 1992) for further review of the decision of the Nebraska Court of Appeals which is reported in 1 NCA 629 (1992). The State claims the Court of Appeals erred in modifying the sentence imposed by the district court, specifically in its application of the Eighth Amendment analysis and cross-crime proportionality review to determine whether an abuse of discretion had been exercised by the sentencing court; and in failing to accord proper deference to the judgment of the district court and instead substituting its own judgment as to the dangerousness of the defendant. We reverse.

The defendant, Randall P. Riley, was originally charged with robbery, abduction, use of a firearm to commit a felony, and felon in possession of a firearm. Following a plea agreement, all charges were dropped except the robbery charge to which Riley pled guilty. Robbery is a Class II felony, Neb. Rev. Stat. § 28-324 (Reissue 1989), for which the statutory penalty is imprisonment for not less than 1 year nor more than 50 years. See Neb. Rev. Stat. § 28-105 (Reissue 1989).

Riley was sentenced to a term of imprisonment of not less than 14 nor more than 30 years. Finding that the district court abused its discretion, the Court of Appeals reduced the sentence to 5 to 10 years in prison.

The Court of Appeals correctly cited the general rule that a sentence within the statutory limits will not be disturbed on appeal absent an abuse of discretion. *State v. Coleman*, 241

Neb. 731, 490 N.W.2d 222 (1992).

It also cited *State v. Spiegel*, 239 Neb. 233, 474 N.W.2d 873 (1991), for the proposition that an appellate court may reduce a sentence rendered by a district court against an accused when, in the opinion of the court, the sentence is excessive. In *Spiegel*, the trial court had imposed a sentence which exceeded the limits provided by statute at the time of the commission of the crime, but which was permitted by a later amendment to the statute. We held that application of the later amendment to that case violated the ex post facto clause of Neb. Const. art. I, § 16. However, rather than reversing and remanding the judgment for resentencing by the trial court, we utilized the provisions of Neb. Rev. Stat. § 29-2308 (Reissue 1989) which provides in relevant part that the Supreme Court "may reduce the sentence rendered by the district court against the accused, when in its opinion the sentence is excessive, and it shall be the duty of the Supreme Court to render such sentence against the accused as in its opinion may be warranted by the evidence."

The sentence in the instant case was not excessive by reason of being outside the limitations provided by statute. Under our many prior holdings, and as set forth above, it is the duty of an appellate court to disturb a sentence on appeal which was within the statutory limits only if the sentence imposed was an abuse of judicial discretion.

"Judicial abuse of discretion" means that the reasons or rulings of the trial judge are clearly untenable and deny a just result to the defendant. *State v. Thomas*, 238 Neb. 4, 468 N.W.2d 607 (1991).

In considering a sentence, the sentencing court is not limited in its discretion to any mathematically applied set of factors. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *State v. Bell*, 242 Neb. 138, 493 N.W.2d 339 (1992); *State v. Wounded Arrow*, 240 Neb. 44, 480 N.W.2d 205 (1992).

In imposing a sentence, a sentencing judge should consider the defendant's age, mentality, education, experience, and social and cultural background, as well as his or her past

criminal record or law-abiding conduct, motivation for the offense, nature of the offense, and the amount of violence involved in the commission of the crime. *State v. Bell, supra; State v. Smith*, 240 Neb. 97, 480 N.W.2d 705 (1992). The seriousness of the offense as well as the amount of violence used in the commission of a crime are important factors in determining the appropriateness of a sentence. *State v. Wounded Arrow, supra.*

Without repeating all of the facts surrounding this incident, suffice it to say that the defendant, on April 2, 1991, entered a bar with a .22-caliber revolver and after having several drinks, pulled out his revolver and commenced the robbery. Riley demanded and received $310 from the cash register and then handed the money to the janitor, stating that he had no need for it. He then ordered the female bartender to lie on the floor and told a male patron to lie on top of her. He next demanded that the two get on their knees with their backs to him and he then asked for another drink. Riley then cocked his gun several times and pointed it at the three individuals present. He told the male patron to stand up and undress and go over by the door and get on his knees with his back to the others. Finally, announcing that he wanted to go to another bar to shoot a certain individual, Riley ordered all three persons outside and into his automobile. After he was in the car, Riley fired a single shot into the roof and a fragment struck the shoulder of the janitor. When they had reached the other bar, the male patron was able to grab the gun from Riley, ordered Riley to stop the car, and the female bartender got out and called the police.

The terror through which these three victims lived during this ordeal is difficult to appreciate; i.e., they were subjected to humiliation and unspeakable degradation, fear of execution by being shot in the back, and the horror of the brandishment and firing of Riley's revolver. True, no one was seriously injured, but the victims had no way of knowing that. It was in this environment that the trial judge determined the seriousness of the crime and the need for punishment.

It must be remembered also that the defendant, under the plea agreement, escaped convictions for abduction, use of a firearm to commit a felony, and felon in possession of a

firearm. These crimes are a Class IA or II felony, a Class III felony mandatorily consecutive to the underlying crime, and a Class IV felony.

Under the circumstances and the record available to the trial judge, we do not believe there was an abuse of discretion. Consequently the sentence was not excessive.

The Court of Appeals held that an important factor to be considered when addressing a claim of excessiveness of a sentence is the doctrine of proportionality. Cited by that court in support of the proposition is *Solem v. Helm*, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983), wherein the Court held that the Eighth Amendment proscription against cruel and unusual punishments prohibited not only barbaric (methods of) punishments, but also sentences that are disproportionate to the crime committed. Helm had been sentenced by the trial court to life imprisonment under a South Dakota recidivist statute upon being convicted for uttering a "no account" check for $100.

However, with the Court's decision in *Harmelin v. Michigan*, _____ U.S. _____, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991), the precedential value of *Solem* became extremely doubtful. Petitioner Harmelin, convicted under Michigan law of possessing more than 650 grams of cocaine and with no prior felony convictions, was sentenced to a mandatory life term in prison without possibility of parole. The petitioner claimed that his sentence was unconstitutionally cruel and unusual first, because it was "significantly disproportionate" to the crime committed and second, because the sentencing judge was statutorily required to impose it, without taking into account the particularized circumstances of the crime and of the criminal. The Michigan Court of Appeals, and the U.S. Supreme Court, rejected his argument that such a sentence constituted cruel and unusual punishment.

In announcing the judgment of the Court, Justice Scalia, in his separate opinion joined by the Chief Justice, stated: "We conclude from this examination that *Solem* was simply wrong; the Eighth Amendment contains no proportionality guarantee." *Harmelin v. Michigan*, 111 S. Ct. at 2686.

While that opinion recognized that *Solem* correctly

discerned that the Eighth Amendment prohibition was derived from the "cruell and unusuall Punishments" provision of the English Declaration of Rights of 1689, it criticized the conclusion in *Solem* that the Amendment also embodies a right to be free from disproportionate sentences.

Justice Scalia further declared that *Solem* had hung its hat upon three considerations—the inherent gravity of an offense, the sentences imposed for similarly grave offenses in the same jurisdiction, and the sentences imposed for the same crime in other jurisdictions—of which, the first and second fail for lack of an objective standard of gravity. As to the third consideration, Justice Scalia's opinion indicates that it has no conceivable relevance to the Eighth Amendment, since each state is entitled to determine its own sanctions. The diversity of statutes that Americans have enacted in various jurisdictions demonstrates enormous variation in opinions as to what constitutes a serious offense, inviting judges, the opinion contends, to impose their own subjective values; comparing for purposes of proportionality only what they thought was "comparable."

Justice Kennedy, with whom Justice O'Connor and Justice Souter joined, concurred in the judgment, and indicated a reluctance to agree with either the analysis of *Solem* by Justice Scalia or the dissent authored by Justice White and joined by Justice Blackmun and Justice Stevens. In his opinion, Justice Kennedy stated:

> Consistent with its admonition that "a reviewing court rarely will be required to engage in extended analysis to determine that a sentence is not constitutionally disproportionate," *id.*, at 290, n. 16, 103 S.Ct. at 3009 n. 16, *Solem* is best understood as holding that comparative analysis within and between jurisdictions is not always relevant to proportionality review. The Court stated that "it *may* be helpful to compare sentences imposed on other criminals in the same jurisdiction," and that "courts *may* find it useful to compare the sentences imposed for commission of the same crime in other jurisdictions." *Id.*, at 291-92, 103 S.Ct., at 3010 (emphasis added). It did not mandate such inquiries.

*Harmelin v. Michigan*, 111 S. Ct. at 2707. The opinion of Justice Kennedy concludes on the subject with the following:

> The proper role for comparative analysis of sentences, then, is to validate an initial judgment that a sentence is grossly disproportionate to a crime. This conclusion neither "eviscerate[s]" *Solem*, nor "abandon[s]" its second and third factors, as the dissent charges. . . . In light of the gravity of petitioner's offense, a comparison of his crime with his sentence does not give rise to an inference of gross disproportionality, and comparative analysis of his sentence with others in Michigan and across the Nation need not be performed.

111 S. Ct. at 2707.

The Nebraska Court of Appeals cited in its opinion *State v. Haynie*, 239 Neb. 478, 476 N.W.2d 905 (1991). In *Haynie* we did engage, perhaps inadvisably, in what appears to be a proportionality review of sentences imposed in other cases. However, we were reviewing sentences imposed by the trial court totalling not less than 68 years nor more than 185 years. Although we did not make reference to an "inference of gross disproportionality," it is quite apparent that we reached such a conclusion in declaring that "the sentences constitute an abuse of discretion"; i.e., they shocked the court's conscience. *Id.* at 493, 476 N.W.2d at 915.

The problem with an appellate court reviewing other "similar" cases is the difficulty of determining that they were similar. Referring only to the printed opinions found in our published reports, we are not able to fully comprehend the facts and circumstances with which the sentencing judge had to deal.

We agree with the language of Justice Kennedy's concurring opinion in *Harmelin* and hold that comparative analysis of sentences is useful only to validate an initial judgment that a sentence is so grossly disproportionate to a crime as to be excessive, but such analysis by an appellate court is not mandatory.

Having found that the trial court did not abuse its discretion in imposing a sentence within the limitations of the statutory law, we determine that the sentence was not excessive. Accordingly, we reverse the judgment of the Nebraska Court of

894

Appeals and remand the cause with direction to affirm the judgment of the district court.

REVERSED AND REMANDED WITH DIRECTION.