STATE OF NEBRASKA, APPELLEE, V. PAUL CAMOMILLI, APPELLANT.

511 N.W.2d 155

Filed April 20, 1993.    No. A-92-676.

Peter K. Blakeslee for appellant.

Don Stenberg, Attorney General, and Joseph P. Loudon for appellee.

SIEVERS, Chief Judge, and HANNON and IRWIN, Judges.

IRWIN, Judge.

## INTRODUCTION

Paul Camomilli has filed this appeal for the purpose of contesting the sentence that was imposed. Appellant contends

that the sentence is excessive.

On April 22, 1991, appellant was charged by the Seward County Attorney with one count of possession of cocaine, see Neb. Rev. Stat. § 28-416(3) (Reissue 1989), and one count of false reporting, see Neb. Rev. Stat. § 28-907 (Reissue 1989). On May 18, 1992, appellant pled guilty to the drug charge, and the false information charge was dismissed. On July 6, appellant was sentenced to a term of imprisonment of not less than 20 nor more than 60 months. The maximum possible penalty for this crime, which is a Class IV felony, is 5 years' imprisonment and a $10,000 fine. Neb. Rev. Stat. § 28-105 (Reissue 1989).

On July 9, appellant filed a motion for reduction of sentence pursuant to Neb. Rev. Stat. § 29-2308.01 (Reissue 1989). A hearing on the motion to reduce sentence was begun on August 3. Appellant's attorney requested a 2-week continuance to obtain a letter from appellant's employer indicating that he had a job waiting for him. The hearing on the motion to reduce the sentence was continued until August 17.

On August 4, while the motion to reduce sentence was pending, appellant filed his notice of appeal and deposited a cash bond and docket fee in the district court for Seward County.

Appellee filed a motion for summary dismissal or, in the alternative, for summary affirmance pursuant to the rules of the Nebraska Court of Appeals. The basis of the motion for summary dismissal was the contention by the State that because the motion to reduce sentence was still pending in the trial court, there was no final order from which the defendant could appeal, and this court, therefore, lacked jurisdiction. The basis for the motion for summary affirmance was that appellant's sentence was not clearly untenable and did not deny a just result under the circumstances. This court denied both parts of the summary motions.

For the reasons discussed below, we find that this court does have jurisdiction. We affirm the sentence as not being excessive.

## ANALYSIS

*Jurisdiction.*

The first question that must be answered is whether or not we

have jurisdiction to decide this appeal. The problem presented by this appeal is distinct from prior cases decided by appellate courts in this state. This unique factual situation occurred because appellant filed a motion to reduce sentence prior to filing his notice of intent to pursue an appeal. Of further importance is the fact that no ruling had been made on the motion to reduce sentence prior to appellant's filing his notice of appeal. It should be noted that, as one can compute from the facts recited above, appellant did file his notice of appeal within 30 days of his sentencing.

Appellant filed his motion to reduce sentence pursuant to § 29-2308.01, which states:

Any court which imposes a sentence for a criminal offense may reduce such sentence within one hundred twenty days after (1) the sentence is imposed or probation is revoked or (2) receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal. No hearing shall be required concerning any request for reduction denied under this section.

The filing of a motion to reconsider sentence, made pursuant to the provisions of § 29-2308.01(1), does not toll the time within which a notice of appeal must be filed under the provisions of Neb. Rev. Stat. § 25-1912(1) (Cum. Supp. 1992). *State v. Flying Hawk*, 227 Neb. 878, 420 N.W.2d 323 (1988).

Section 25-1912 states quite clearly that there are only two situations in which the running of the time for filing a notice of appeal shall be terminated. Those two conditions are (1) if a motion for new trial is filed pursuant to Neb. Rev. Stat. § 25-1143 (Reissue 1989) within 10 days after the verdict or (2) the filing of a motion to set aside the verdict pursuant to Neb. Rev. Stat. § 25-1315.02 (Reissue 1989) within 10 days after the receipt of the verdict.

Given the above case law and applicable statutes, it is crystal clear that appellant in this case had to file his notice of appeal within 30 days of his sentencing regardless of the fact that he had filed a motion for reduction of sentence. If he had not done so, this court would have been without the power to hear the appeal, since the appeal would have been filed after the statutorily provided time, 30 days.

The State argues that the filing of the motion to reduce sentence renders the judgment of the district court not final. It relies on *State v. Shaw*, 202 Neb. 766, 277 N.W.2d 106 (1979); *State v. Weidner*, 192 Neb. 161, 219 N.W.2d 742 (1974); and *State v. Taylor*, 179 Neb. 42, 136 N.W.2d 179 (1965). What the State gleans from these cases is that an order such as this sentencing order is not appealable because " ' "action is required to dispose of the cause pending [and] the order is interlocutory and not final." ' " Brief for appellee at 6. The State contends that "[i]n this case, at the time the appeal was purportedly perfected, there still remained at the trial-court level the issue of sentence reduction. . . . The most sensible course would result were one to await resolution of the motion to reduce sentence and appeal from that decision." Brief in support of motion for summary dismissal or, in the alternative, for summary affirmance at 6. The State goes on to provide an alternative for appellant: "Furthermore, the defendant is not without a remedy. He still has the option to file a post conviction motion and raise the question of sentencing in that proceeding." *Id*. at 7.

*State v. Spotted Elk*, 227 Neb. 869, 420 N.W.2d 707 (1988), provides guidance in this situation. *Spotted Elk* involved the filing of a motion to reduce sentence *after* the notice of appeal had been filed. In that respect, it is distinct from the instant case, but it is a distinction without a difference. The Nebraska Supreme Court stated in *Spotted Elk*:

> [T]he enactment of § 29-2308.01 in no way alters the jurisdictional significance of the act of filing a notice of appeal. Under subsection (3) of § 25-1912, filing a notice of appeal, together with payment of fees unless fees are waived for cause, removes jurisdiction of the cause from the district court to this court . . . .

227 Neb. at 875, 420 N.W.2d at 712. This statement seems clear that the act of filing a notice of appeal and the depositing of fees vests jurisdiction in the appellate court.

The State argues that *Spotted Elk* does not deal with the instant situation. The State says, "Thus . . . the statement simply means that if one has not filed a motion to reduce sentence, a timely filing of a notice of appeal, together with a

deposit of fees, vests jurisdiction in an appellate court." Brief in support of motion for summary dismissal or, in the alternative, for summary affirmance at 6.

The Nebraska Supreme Court made no such distinction. The Supreme Court stated in *Spotted Elk* that the enactment of § 29-2308.01 in no way alters the jurisdictional significance of the act of filing the notice of appeal. This statement means that the filing of a notice of appeal from a judgment of conviction and sentence invokes the jurisdiction of the appellate court and removes jurisdiction from the district court. Once the notice of appeal was filed, the district court was without power to further act in regard to this case.

To recap, we find that this court has jurisdiction to decide this appeal. We further specifically find that the fact that a motion to reduce sentence was filed prior to the filing of a notice of appeal does not act as a barrier to this court's receiving jurisdiction of the case when a notice of appeal is filed. We reject the contention of the State that appellant's remedy in this situation is to bring a postconviction action. Once appellant filed his notice of appeal within 30 days, as he is required to do by statute and case law, the district court was without authority to decide the motion to reduce sentence. Appellant did what was necessary and was the only course of action that he could take, given the circumstances as they existed.

*Excessive Sentence.*

At the time of sentencing, appellant was 27 years of age, was employed by a newspaper as a pressman, and had recently married. He has a history of chemical dependency. When a sentence imposed by a court is within statutorily prescribed limits, an appellate court will not disturb the sentence unless there has been an abuse of discretion. Appellant contends that the sentence imposed is excessive. Appellant cooperated with law enforcement authorities in an effort to obtain a more favorable plea agreement in this case. The agreement was that appellant would cooperate with the police and arrange for three purchases of controlled substances under the supervision of law enforcement authorities. If appellant completed these transactions, he would escape felony charges. Appellant made

two buys, then withdrew from the agreement, giving as the reasons the stress of undercover work and the resulting anxiety and depression.

Appellant has a preexisting criminal history, including a felony forgery conviction at age 17 and a driving while intoxicated charge. He was placed on probation for both offenses and did not successfully complete either probation. He was incarcerated on the forgery charge after his probation was revoked.

Since the trilogy of *State v. Reynolds*, 242 Neb. 874, 496 N.W.2d 872 (1993); *State v. Riley*, 242 Neb. 887, 497 N.W.2d 23 (1993); and *State v. Philipps*, 242 Neb. 894, 496 N.W.2d 874 (1993), it appears that there are two questions, and only two questions, to ask in determining if a sentence is excessive.

The first question is whether or not the minimum portion of appellant's indeterminate sentence is in excess of the statutorily provided amount. Neb. Rev. Stat. § 83-1,105 (Reissue 1987) provides that the sentencing court may "[f]ix the minimum and maximum limits of the sentence, but the minimum limit fixed by the court shall not be less than the minimum provided by law nor more than one-third of the maximum term, and the maximum limit shall not be greater than the maximum provided by law."

The instant case involved a Class IV felony, which allows for a maximum term of 5 years. The longest minimum sentence could therefore not be more than one-third of 5 years, or 20 months. The minimum portion of appellant's sentence is 20 months. Therefore, the minimum portion of appellant's indeterminate sentence is not excessive as defined in *Reynolds*, *Riley*, and *Philipps*.

The second question deals with the maximum portion of appellant's sentence. Whether or not this portion of a sentence is excessive is simply determined by looking at the maximum sentence provided by law. In this case, the maximum penalty provided by law is 5 years. Therefore, the maximum portion of appellant's indeterminate sentence is not excessive.

## CONCLUSION

We find that there is no abuse of discretion on the trial court's part. Therefore, the sentence is affirmed.

AFFIRMED.