STATE OF NEBRASKA, APPELLANT, V.
JUNIPER D. HOPKINS, APPELLEE.
587 N.W. 2d 408

Filed November 17, 1998.    No. A-97-1102.

896

C. Jo Petersen, Seward County Attorney, for appellant.

Dorothy A. Walker, of Dorothy A. Walker, P.C., for appellee.

IRWIN, Chief Judge, and SIEVERS and INBODY, Judges.

SIEVERS, Judge.

## INTRODUCTION

In this case, we discuss the role of the district court in reviewing sentences pronounced by the county court.

## BACKGROUND

On April 5, 1997, 22-year-old Juniper D. Hopkins procured alcohol for her 20-year-old friend, Rhonda Hunn. Hopkins bought a six-pack of beer and a bottle of malt liquor, and she and Hunn drank some of the beer while at Hopkins' residence in Lincoln, Nebraska. Later, the two women went to Branched Oak Lake in Seward County in order to enjoy the warm night, and they drank more beer while at the lake. Upon attempting to return to Lincoln, Hopkins and Hunn became lost. As they drove through Seward County, searching for a road back to Lincoln, Hopkins was pulled over by a state trooper for failing to signal a turn. Hopkins passed blood alcohol tests administered by the state trooper. However, she was charged with a vio-

lation of Neb. Rev. Stat. § 53-180 (Reissue 1993), which prohibits procuring alcohol for a minor. Violation of § 53-180 is a Class I misdemeanor. The Nebraska Legislature has determined that Class I misdemeanors are punishable by up to 1 year in prison, a fine not to exceed $1,000, or both. See Neb. Rev. Stat. § 28-106 (Reissue 1995). There is no minimum sentence or punishment for a Class I misdemeanor.

On May 19, 1997, Hopkins appeared in the county court for Seward County, and pled guilty to violating § 53-180. On June 16, the county court sentenced Hopkins to 7 days in jail and a $500 fine. Hopkins appealed the county court's decision to the district court for Seward County. Hopkins' assignments of error to the district court included the claims that the county court erred in sentencing Hopkins to 7 days in jail rather than probation and that the jail sentence and fine were excessive and not warranted by the circumstances of the case.

The district court for Seward County heard the appeal on August 26, 1997. The judgment of conviction and the fine were affirmed, but the district court vacated the 7-day jail sentence. In its order of "Judgment on Appeal" entered September 19, the district court held, in part:

Appellant was convicted of procuring alcoholic liquor for a minor, appellant's 20 years and 9 months old close friend. The county court sentenced appellant to 7 days in the county jail and a fine of $500.00. Appellant challenged the jail term as an abuse of discretion[.]

Considering: the relationship between the minor and appellant; that the minor was only 3 months shy of the age of 21 years at the time; that only the minor and the appellant were involved; that no one was injured; that no other aggravating circumstances initiated by appellant surrounded the commission of the offense; that appellant's entire criminal record prior to the commission of this offense consisted of one 4 year old speeding conviction; that appellant is a full-time managerial employee; that appellant's attitude toward commission of this offense is one of repentance; that appellant is married and a member of the National Guard, I agree with appellant.

The State timely appealed to this court.

## ASSIGNMENTS OF ERROR

The State assigns the following errors in this appeal: The district court erred (1) in modifying the county court's sentencing order and (2) in finding an abuse of discretion by the county court in sentencing Hopkins to 7 days in jail.

## STANDARD OF REVIEW

■ Upon appeal from a county court in a criminal case, a district court acts as an intermediate appellate court, rather than as a trial court, and its review is limited to an examination of the county court record for error or abuse of discretion. Both a district court and a higher appellate court generally review appeals from a county court for error appearing on the record. *State v. Brooks*, 5 Neb. App. 5, 554 N.W.2d 168 (1996).

■ On a question of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below. *State v. Jackson*, 255 Neb. 68, 582 N.W.2d 317 (1998).

## ANALYSIS

*Issues Before This Court.*

We note that Hopkins' argument against the jail sentence focuses in part on whether the district court's vacation of the jail sentence had the effect of imposing an excessively lenient sentence. However, the issue of excessive leniency was not assigned as error by the State. Rather, the State focuses on the sentence ordered by the county court and whether that sentence was an abuse of discretion. Next, we note that the State's two assignments of error are essentially variations on the same theme, that the district court erred in vacating the county court's order of a 7-day jail sentence. Thus, we will address the two assignments of error simultaneously.

*Abuse of Discretion in Sentencing.*

■ In cases where the district court sits as an intermediate appellate court, the district court reviews the county court judgment for error appearing on the record made in the county court. *State v. Dvorak*, 254 Neb. 87, 574 N.W.2d 492 (1998). A sentence imposed within statutory limits will not be disturbed on appeal absent an abuse of discretion by the trial court. *State v. Hill*, 255 Neb. 173, 583 N.W.2d 20 (1998); *State v. Pattno*, 254

Neb. 733, 579 N.W.2d 503 (1998). "Moreover, to the sentencing court and not to an appellate court is entrusted the power to impose sentences for the commissions of crimes against the State; the judgment of the sentencing court cannot be interfered with in the absence of an abuse of discretion." *State v. Philipps*, 242 Neb. 894, 897, 496 N.W.2d 874, 877 (1993). An abuse of discretion takes place when the sentencing court's reasons or rulings are clearly untenable and unfairly deprive a litigant of a substantial right and a just result. *State v. Hill, supra.* Courts are well advised to rely upon the statutory guidelines for imposing sentences. *State v. Pattno, supra.*

In this case, the 7-day jail sentence imposed upon Hopkins by the county court is certainly much shorter than she might have received. The maximum sentence of imprisonment authorized under the statutory guidelines for a Class I misdemeanor is 1 year. See § 28-106. The fact that Hopkins' sentence by the county court falls well within the statutory guidelines and is in fact on the lenient side of those guidelines demonstrates that the sentence was not clearly untenable and did not unfairly deprive Hopkins of a substantial right and a just result. A sentence clearly within the statutory limits is generally not an abuse of discretion. *State v. Pattno, supra.*

■ Hopkins, however, places importance on those circumstances surrounding the crime which appear favorable to her. Similarly, in its order of judgment on appeal, the district court listed factors which the district court felt justified a more lenient sentence, such as the fact that the minor for whom Hopkins provided alcohol was a friend and was almost 21 years old at the time of the crime. Such considerations are relevant for the trial court to whom the responsibility of sentencing is entrusted. But here, the district court was serving as an intermediate appellate court, not as a trial court. The mitigating considerations are also relevant when a sentence is appealed as excessive, but only on the question of whether the sentencing court abused its discretion and not as justification for a lesser sentence which the appellate court would have imposed.

A comparable situation involving a defendant sentenced to jail despite some substantial mitigating factors in her favor occurred in *State v. Philipps, supra.* In *Philipps*, the Nebraska

Supreme Court reversed the decision of this court to vacate a sentence of 1 year in jail for a woman who had embezzled $10,000 from her employer. As a result of a plea agreement, Philipps pled guilty to three Class I misdemeanors. She was sentenced to 1 year in jail for each charge, the sentences to run concurrently.

The crime was Philipps' first and was motivated, at least in part, by a desire to help pay family medical bills and for home repairs. Further, the stolen money was repaid with funds from Philipps' profit-sharing program. Phillips was in her late twenties, had two daughters and a stepson, and was pregnant. Considering those and other factors, this court believed that the sentence of jail time was excessive.

The Nebraska Supreme Court reversed this court's vacation of Philipps' jail sentence. The Supreme Court stated that excessiveness in sentencing is tightly linked to abuse of discretion. The court further stated:

> Indeed, the abuse of discretion standard was found to be intertwined with that of excessiveness at least as early as 1954 in *Taylor v. State*, 159 Neb. 210, 66 N.W.2d 514 (1954), wherein we wrote: "Contrary to defendant's contention, we find nothing in the record before us which could lawfully sustain a conclusion that the trial court abused its discretion and thereby imposed an excessive sentence upon defendant.". . .
>
> Nor is the fact that on occasion this court has referred to sentences imposed in other cases as a means of illustrating an abuse of discretion . . . to be interpreted as meaning that in a nondeath sentence an appellate court is to conduct a de novo review of the record to determine whether a sentence is proportionate and thus appropriate. . . . [T]he issue in reviewing a sentence is not whether someone else in a different case received a lesser sentence, but whether the defendant in the subject case received an appropriate one. Moreover, to the sentencing court and not to an appellate court is entrusted the power to impose sentences for the commissions of crimes against the State; the judgment of the sentencing court cannot be interfered with in the absence of an abuse of discretion.

(Citations omitted.) *State v. Philipps,* 242 Neb. 894, 897, 496 N.W.2d 874, 877 (1993).

Thus, an appellate court may not vacate a sentence of imprisonment imposed by a trial court simply because the defendant possesses redeeming qualities which might lead other trial courts, or the appellate court, to render a more lenient sentence. As previously discussed, there must be an abuse of discretion in order to merit such a vacation of sentence.

On three separate occasions, this court has found a sentence to be excessive and made changes to the sentence, and on each of the three occasions, this court's finding was reversed. See, *State v. Philipps, supra; State v. Riley,* 242 Neb. 887, 497 N.W.2d 23 (1993); *State v. Reynolds,* 242 Neb. 874, 496 N.W.2d 872 (1993). The lesson from *Philipps, Riley,* and *Reynolds* is that an appellate court, including a district court reviewing a county court sentence, has an extremely limited review of sentences, and sentences within statutory limits are uniformly and routinely affirmed despite the appellate court's opinion of the sentence. Compare Neb. Rev. Stat. § 29-2308 (Reissue 1995), which states in part:

> In all criminal cases that now are or may hereafter be pending in the Court of Appeals or Supreme Court, the appellate court may reduce the sentence rendered by the district court against the accused when in its opinion the sentence is excessive, and it shall be the duty of the appellate court to render such sentence against the accused as in its opinion may be warranted by the evidence.

Nonetheless, and as a consequence of the three decisions cited above, the district court's power and discretion when reviewing sentences imposed by the county court is limited by the abuse of discretion standard and the now well-established law that a sentence within the limits set by the Legislature generally is not an abuse of discretion. The sentence at issue was clearly on the lenient side of what the law allows to be imposed for this crime. Because of the limited review of sentences by the appellate courts of this state, including the district court when it sits as an appellate court, it serves no purpose for us to review the statutory sentencing conditions from Neb. Rev. Stat. § 29-2260 (Reissue 1995). The sentence that the district

court would have imposed or that we would have imposed is not relevant under *State v. Philipps, supra.* The county court's sentence was well within the statutory limits set by the Legislature and was, in fact, on the low end of what the Legislature allows. Therefore, there was no abuse of discretion by the sentencing court. We reverse the judgment of the district court and reinstate the county court's sentence.

REVERSED.