STATE OF NEBRASKA, APPELLEE, v. LEE T. HIGHLY,
APPELLANT.

238 N. W. 2d 909

Filed February 26, 1976. No. 40293.

Frank B. Morrison and Stanley A. Krieger, for appellant.

Paul L. Douglas, Attorney General, and Terry R. Schaaf, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BOSLAUGH, J.

The defendant appeals from a sentence of 2 years imprisonment for assault with intent to rob.

After the defendant had been arraigned in the District Court, he filed a motion to quash the information alleging that he was less than 18 years of age at the time of the alleged offense and the information should be quashed or the case transferred to the juvenile court of Douglas County, Nebraska. The motion was heard and overruled on January 28, 1975. The defendant now contends the judgment should be reversed because the trial

court failed "to set forth findings for the reason" for its decision to overrule the defendant's motion to transfer the case to juvenile court.

The record shows the defendant and George Lewis entered a Kwik Shop in Omaha, Nebraska, on November 20, 1974. The manager was the only other person in the store at that time. They pointed a gun at the manager and asked to count the money in the cash register. There is some confusion in the record as to whether the defendant or George Lewis had the gun and asked to count the money. The State's evidence tended to show Lewis had the gun and the defendant stood near the door and warned Lewis when a customer drove into the parking lot. The defendant and Lewis then left the store without taking any money. The gun used in the assault was actually a starter's pistol.

Both the defendant and Lewis were apprehended immediately because the police had the store under surveillance. Lewis pleaded guilty to a similar charge and was sentenced to imprisonment for 2 to 9 years. See State v. Lewis, *ante* p. 80, 236 N. W. 2d 831.

The sole issue on this appeal is whether the judgment should be reversed because the trial court did not set forth findings for the reason for its decision on the motion to transfer the case to juvenile court. Section 29-1816, R. S. Supp., 1974, provides that in deciding such a motion the court shall consider, among other matters, the matters set forth in section 43-202.01, R. S. Supp., 1974, and shall set forth findings for the reason for its decision.

The defendant relies on Kent v. United States, 383 U. S. 541, 86 S. Ct. 1045, 16 L. Ed. 2d 84. In the Kent case the Juvenile Court for the District of Columbia had "waived" the jurisdiction of the petitioner without a hearing, without a ruling on motions that had been filed by the petitioner's counsel, and without a statement of the reasons for its decision. The United States Supreme Court held the order was invalid and did not satis-

fy the basic requirements of due process and fairness because it had been made without a hearing, without effective assistance of counsel, and without a statement of reasons. The case was remanded to the District Court for a hearing de novo on the waiver.

We think this case may be distinguished from the Kent case in several respects. In this case there was a hearing on the defendant's motion at which the defendant was represented by counsel. Although no record of that hearing has been filed in this court, the defendant was entitled to have the record preserved and presented to this court for review. If the findings of the trial court were announced from the bench in open court they would appear in the record of the proceedings upon the motion.

The defendant does not contend the ruling on the motion was erroneous because the result reached was incorrect but merely contends there was a failure to set forth reasons for the decision. If in fact the ruling was correct there could not have been any prejudice to the defendant. A judgment will not be reversed because a lower court gave an incorrect reason for its decision if the result reached was correct. 5 Am. Jur. 2d, Appeal and Error, § 785, p. 227.

We have recently held that the trial court need not state in writing the reasons for a revocation of probation because a complete record of a judicial proceeding may be made and preserved. State v. Jaworski, 194 Neb. 645, 234 N. W. 2d 221; State v. McFarland, *ante* p. 395, 238 N. W. 2d 237. A similar rule should be applicable here.

There is an additional reason why the defendant is not entitled to relief in this case. It does not appear that the defendant directed the attention of the trial court to the requirement of the statute at any time by motion for new trial or otherwise. The findings could have been made a matter of record at any time while the case was pending in the District Court.

The judgment of the District Court is affirmed.

AFFIRMED.