STATE OF NEBRASKA, APPELLEE, v. CHESTER L. DOYLE, APPELLANT.

464 N.W.2d 779

Filed January 18, 1991.   No. 89-859.

James J. Regan, of Kelley, Kelley & Lehan, P.C., for appellant.

Robert M. Spire, Attorney General, and Elaine A. Catlin for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

This is a criminal prosecution in which Chester L. Doyle, a minor, was charged with count I, theft by unlawful taking of property valued at $300 or more, but not over $1,000; count II, attempted robbery; count III, burglary; and count IV, burglary. A motion to transfer jurisdiction to juvenile court was denied after a hearing. Doyle entered guilty pleas to counts I and III in return for the dismissal of counts II and IV. Doyle was sentenced to imprisonment under the supervision of the Department of Correctional Services for 1 to 3 years on count I and 2 to 3 years on count III, the sentences to run consecutively. Doyle appeals the order retaining jurisdiction and the sentence imposed.

The applicable standard of review of an appeal from a denial of waiver to juvenile court is abuse of discretion. *State v. Phinney*, 236 Neb. 76, 459 N.W.2d 200 (1990) *(Phinney II)*; *State v. Nevels*, 235 Neb. 39, 453 N.W.2d 579 (1990).

On March 12, 1989, Chester Doyle, date of birth December 26, 1973, along with coperpetrator Robert Nutt, date of birth September 11, 1972, burglarized the Four Aces Pawn Shop in Omaha, Nebraska. They took four guns and some ammunition during the course of the burglary. Doyle kept one of the guns, but he did not have any ammunition for the gun. Nutt also retained one of the guns and some ammunition for that gun.

The two remaining weapons were given away.

On March 13, 1989, Nutt and Doyle were involved in the theft of a van from a parking lot in Omaha. They proceeded to the Crossroads shopping center. As they were leaving the shopping center and walking through the parking lot, Nutt pointed a loaded gun at Jane Baird in an effort to rob her of her vehicle. Doyle was with Nutt at the time.

Baird's statement, read in conjunction with the statements of Doyle, indicates that only Nutt had a weapon during the robbery attempt and only Nutt spoke to her.

Baird ran off, screaming for help. A security officer in a truck began to chase Doyle and Nutt, who were on foot. Nutt pointed a gun at the security officer, who then turned the truck away from Nutt. The security officer drove toward a deputy sheriff's truck, which was located nearby. Nutt and Doyle jumped into the stolen van and drove off.

Before entering his pleas of guilty, Doyle had filed a motion to transfer the matter to the separate juvenile court. A hearing, which was rather inconclusive as to the basis for the court's findings, was held, following which the district court denied the motion. In doing so, the court entered a "checklist" order as follows:

> THIS MATTER came on to be heard upon defendant's motion requesting waiver of the jurisdiction of this Court to the Juvenile Court for further proceedings.
>
> Evidence was adduced by and on behalf of both parties.
>
> UPON CONSIDERATION WHEREOF, the Court finds:

__X__ That the facilities for the treatment and rehabilitation best suited for the minor are available to the District Court.

____ That the facilities for the treatment and rehabilitation best suited for the minor are not available to the Juvenile Court.

__X__ That the alleged offense shows evidence of violence or that it was committed in an aggressive and premeditated manner.

____ That the previous history of the minor dictates that the present matter be adjudicated in District Court. Such

previous history includes:

__x__ Convictions of previous offenses ____ against the person

                                              __x__ relating to property

__x__ Antisocial behavior

____ Patterns of physical violence

__X__ That from a consideration of the minor's home, school activities, emotional attitude, desire to be treated as an adult, pattern of living, and previous contact with law enforcement agencies he or she possesses the sophistication and maturity to stand trial in District Court.

__X__ That the minor's age and the age of others involved in the offense do not preclude the present case from being adjudicated in District Court.

__X__ That the motivation for the commission of the offense warrants trial in District Court.

__X__ That the best interest of the minor and the security of the public require that the minor continue in custody for a period extending beyond his minority.

IT IS, THEREFORE, ORDERED that the above-captioned defendant shall remain within the jurisdiction of the District Court.

DATED this 2nd day of May, 1989.

BY THE COURT:

/s/ JERRY M. GITNICK

Jerry M. Gitnick

District Judge

Doyle assigns as error that the trial court abused its discretion in failing to transfer the matter to juvenile court and in imposing an excessive sentence. We have previously held, in *State v. Phinney*, 235 Neb. 486, 455 N.W.2d 795 (1990) *(Phinney I)*, that a plea of guilty following an order overruling a motion to transfer to juvenile court does not waive the juvenile's right to challenge that ruling.

The general rule is that upon request, the district court shall transfer a juvenile case involving a crime to the juvenile court

unless a sound basis exists for retaining it. *Phinney II, supra*. It is apparent that the burden of proof in this regard is on the State.

The order in this case does not detail the findings made in support of the order of denial. As a matter of fact, it could only be more general if the court had simply stated that it had reviewed all the criteria in Neb. Rev. Stat. § 43-276 (Reissue 1988) and concluded not to transfer the case. Little evidence was introduced at the hearing touching on the basic needs of this juvenile in regard to rehabilitation. The oral findings of the district court were as follows:

> THE COURT: From my perspective, Juvenile Court exists to handle juvenile matters. I don't consider theft by unlawful taking and attempted robbery and burglaries juvenile matters, those are adult crimes. It is true he is 15, it is true he doesn't look like a person of great maturity, and it is true that he is rather open in the statement that he gave the police, which is commendable. But I don't think that that excuses him. Obviously, his mother doesn't have that much of an influence on him. Obviously, you, Mr. Regan, have not had that much influence on him, and God knows, the Separate Juvenile Court hasn't had any influence on him. If all of you would have had an influence on him, he wouldn't be here today. The fact is, he is here today, and he is here because he is involved with serious problems. He apparently doesn't have the strength of character to know when to stay away from certain people, he doesn't have the strength of character to know he shouldn't be breaking the law. That doesn't take a great deal of sophistication, that just takes a basic understanding of right and wrong, and I believe from what I have read, that he knows the difference between right and wrong. As far as I am concerned, he has committed adult crimes, the treatments for him are better available through the District Court than through the Juvenile Court. His past record indicates a history of difficulties and behavior that weigh against his being transferred to Juvenile Court, and the motion is denied.

And you, young man, you better be careful, you are just heading down a road that is taking you to real difficulties.

Therefore, we must conclude that the record before this court does not provide an adequate basis for a meaningful review as to whether the district court abused its discretion in refusing to grant the motion for transfer. Accordingly, the cause is remanded to the district court with directions to review the record made on the motion to transfer to juvenile court and to set forth its findings in the matter as provided by Neb. Rev. Stat. § 43-261 (Reissue 1988). Such findings shall then be certified to this court for further consideration of the appeal. See *Phinney I, supra*.

It is not necessary for us to deal with the claim of excessiveness of the sentence at this time.

REMANDED WITH DIRECTIONS.