STATE OF NEBRASKA, APPELLEE, V. CHESTER L. DOYLE,
APPELLANT.
468 N.W.2d 594

Filed April 25, 1991.   No. 89-859.

James J. Regan, of Kelley, Kelley & Lehan, P.C., for appellant.

Robert M. Spire, Attorney General, and Elaine A. Catlin for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

HASTINGS, C.J.

In *State v. Doyle, ante* p. 60, 464 N.W.2d 779 (1991), because this court found that the record furnished on appeal failed to provide an adequate basis for a meaningful review by the court under Neb. Rev. Stat. § 43-276 (Reissue 1988), we remanded the cause with directions to the district court to review the record made on the motion to transfer and to set forth its findings as required by law. We further directed the district court to certify those findings to this court for further consideration of defendant's appeal.

The defendant was originally charged with four criminal counts: theft by unlawful taking, attempted robbery, and two counts of burglary, all occurring in March 1989. Pursuant to a plea bargain, defendant pleaded guilty to theft by unlawful taking and one count of burglary, in return for which the other two counts were dismissed.

Before entering pleas, the defendant had moved to transfer jurisdiction to the juvenile court, which motion was denied after a hearing. As stated in *State v. Phinney*, 235 Neb. 486, 455 N.W.2d 795 (1990), a voluntary plea of guilty following the denial of a motion to waive jurisdiction to the juvenile court does not preclude a challenge to such action.

The district court has now certified to this court an order dated February 8, 1991, in which further findings and conclusions in support of a denial of removal of the case to the juvenile court were made. We review that certified record in light of defendant's original appeal.

In deciding whether to grant the requested waiver and to transfer the proceedings to the juvenile court, the court having jurisdiction over a pending criminal prosecution must carefully consider the juvenile's request in light of the criteria or factors set forth in § 43-276. *State v. Phinney*, 236 Neb. 76, 459 N.W.2d 200 (1990). We review the record to determine whether it supports the action taken by the district court in retaining jurisdiction. See *State v. Ryan*, 226 Neb. 59, 409 N.W.2d 579 (1987).

In its six-page order, the trial court reviewed in great detail the factors involved in considering whether to retain or transfer jurisdiction under the provisions of § 43-276. Although we see no need to set forth these findings in complete detail, we summarize them as follows:

The district court was convinced that the defendant clearly understood the nature of what he was doing and, in fact, that he desired to be treated as an adult. It felt that defendant's level of maturity was such that it would be difficult to rehabilitate him before he attained the age of 19 years. The defendant has failed to accept an appropriate level of parental supervision and has failed to observe the terms of a previous probation order of the juvenile court. The district court noted that defendant had previously been placed on probation for burglary and within 2 months thereafter had engaged in the present course of unlawful conduct. The court also was convinced that the facilities for treatment and rehabilitation of the defendant through a more structured program are better available through the district court. It was also noted that the apparent motivation for the charged offenses was to use violence and unlawful conduct for the enrichment of the defendant.

The district court's conclusion that the defendant's case should not be transferred to the juvenile court is supported by appropriate evidence as detailed in the court's findings. Thus, it cannot be said that the district court abused its discretion in refusing to transfer defendant's case to the juvenile court.

The consecutive sentences imposed of 1 to 3 years and 2 to 3 years, although more than minimal sentences, are well within the limitations imposed by statute and cannot be said to be an abuse of discretion.

The judgment of the district court is affirmed.

AFFIRMED.