STATE OF NEBRASKA, APPELLEE, v. JULIUS C. ICE, APPELLANT.

509 N.W.2d 407

Filed January 7, 1994.   No. S-93-191.

Stanford L. Sipple, of DeCamp Legal Services, P.C., for appellant.

Don Stenberg, Attorney General, and Donald A. Kohtz for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, FAHRNBRUCH, and LANPHIER, JJ., and GRANT, J., Retired.

WHITE, J.

Julius C. Ice appeals from an order of the district court denying his motion to transfer the proceedings to juvenile court, and from the sentences imposed after he pled guilty to one count of robbery and one count of terroristic threats.

On July 11, 1992, two passengers traveling with appellant jumped out of the car and began beating a young man. Appellant allegedly participated in the beating. The three then took approximately $40 from the young man and left. Later, still accompanied by the two passengers, appellant pulled a gun on another young man and threatened him.

Appellant was charged with robbery, theft, and terroristic threats. Appellant, who was 15 years old at the time of the alleged offenses, moved in the district court to transfer the proceedings to juvenile court. In support of that motion, appellant presented evidence that he was amenable to treatment and that appropriate treatment facilities were available within the juvenile court system. The court denied the motion and

found, in part, that the treatment appellant required was not available through the juvenile court system, particularly because he would require treatment and supervision beyond the age of majority. The court also noted that the alleged offenses were carried out in a violent and premeditated manner and that appellant had previously been in several juvenile programs without any successful results.

Appellant then pled guilty to one count of robbery and one count of terroristic threats. The court sentenced appellant to 4 to 10 years' imprisonment for the robbery conviction and 1 to 3 years' imprisonment for the terroristic threats conviction. The court further ordered that the sentences be served consecutively. The court refused appellant's request to continue the sentencing until after appellant entered and completed a rehabilitation program.

Appellant contends that the district court erred in (1) failing to transfer the proceedings to juvenile court, (2) imposing an excessive sentence, and (3) refusing to continue the sentence until after appellant entered and completed a rehabilitation program.

At the outset, we note that appellant's voluntary guilty pleas following the denial of his motion to waive jurisdiction to the juvenile court do not preclude appellant's challenge to such action on appeal. See, *State v. Doyle*, 237 Neb. 944, 468 N.W.2d 594 (1991); *State v. Phinney*, 235 Neb. 486, 455 N.W.2d 795 (1990).

The standard applied when reviewing a trial court's denial of a motion to transfer the proceedings to juvenile court is abuse of discretion. *Id.*; *State v. Nevels*, 235 Neb. 39, 453 N.W.2d 579 (1990); *State v. Thieszen*, 232 Neb. 952, 442 N.W.2d 887 (1989). In deciding whether to grant the requested waiver and to transfer the proceedings to juvenile court, the court having jurisdiction over a pending criminal prosecution must carefully consider the juvenile's request in light of the criteria set forth in Neb. Rev. Stat. § 43-276 (Reissue 1988). See Neb. Rev. Stat. § 29-1816 (Reissue 1989); *Doyle, supra*; *Phinney, supra*; *Thieszen, supra*.

Section 43-276 requires that the court consider:

(1) The type of treatment such juvenile would most likely

be amenable to; (2) whether there is evidence that the alleged offense included violence or was committed in an aggressive and premeditated manner; (3) the motivation for the commission of the offense; (4) the age of the juvenile and the ages and circumstances of any others involved in the offense; (5) the previous history of the juvenile, including whether he or she had been convicted of any previous offenses or adjudicated in juvenile court, and, if so, whether such offenses were crimes against the person or relating to property, and other previous history of antisocial behavior, if any, including any patterns of physical violence; (6) the sophistication and maturity of the juvenile as determined by consideration of his or her home, school activities, emotional attitude and desire to be treated as an adult, pattern of living, and whether he or she has had previous contact with law enforcement agencies and courts and the nature thereof; (7) whether there are facilities particularly available to the juvenile court for treatment and rehabilitation of the juvenile; (8) whether the best interests of the juvenile and the security of the public may require that the juvenile continue in custody or under supervision for a period extending beyond his or her minority and, if so, the available alternatives best suited to this purpose; and (9) such other matters as the county attorney deems relevant to his or her decision.

Accord, *Doyle, supra*; *Phinney, supra*; *Thieszen, supra*. The consideration of the criteria in § 43-276 is a balancing test, and the court need not decide all these criteria against the juvenile before it may deny the motion. See, *Phinney, supra*; *Thieszen, supra*.

The district court held a hearing at which evidence was presented regarding the criteria outlined above. In reaching its decision, the district court considered the evidence and made findings of fact in light of each criterion. The following constitutes a brief summary of the district court's findings.

The court determined that appellant's behavior and substance abuse problems require treatment that is not available in the juvenile court system. The court stated that the

offenses alleged by the county attorney, if true, are of a particularly violent and aggressive nature. Moreover, the court noted that the alleged acts were perpetrated against persons rather than property. The court reviewed appellant's prior involvements with the juvenile court system and noted that prior treatment within the juvenile system was not successful. The court found that appellant conducts himself as an emancipated minor, rather than a minor who is dependent on family and school. The court determined that appellant requires treatment and supervision for an extended period of time, beyond the age of majority. Finally, the court stated that appellant's best interests in being treated and rehabilitated, and society's best interests, require that appellant's case not be transferred to the juvenile court system.

Our review of the record indicates that the court properly considered the mandatory criteria together with the relevant evidence. The decision not to transfer the proceeding to the juvenile court is supported by the appropriate evidence, and we therefore find that the court did not abuse its discretion when it denied appellant's motion to transfer.

Appellant next contends that the sentence imposed by the district court is excessive and constitutes an abuse of discretion. Appellant was sentenced to 4 to 10 years' imprisonment for the robbery conviction and 1 to 3 years' imprisonment for the terroristic threats conviction. In connection with the sentencing, appellant also contends that the district court abused its discretion when it refused to continue the sentencing hearing so that appellant could participate in a rehabilitation program.

An appellate court will not disturb a sentence that falls within the statutory limits unless the sentence constitutes an abuse of discretion. *State v. Thieszen*, 232 Neb. 952, 442 N.W.2d 887 (1989). Similarly, the decision whether to grant a continuance in a criminal case is within the discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *State v. Valdez*, 239 Neb. 453, 476 N.W.2d 814 (1991).

The statutory penalty for the robbery conviction is not less than 1 nor more than 50 years' imprisonment. See Neb. Rev.

Stat. §§ 28-324 and 28-105 (Reissue 1989). The statutory penalty for the terroristic threats conviction is up to 5 years' imprisonment, a $10,000 fine, or both. See Neb. Rev. Stat. §§ 28-311.01 (Reissue 1989) and 28-105. The sentences imposed on appellant are well within the statutory limits, and in light of the record, the sentences do not constitute an abuse of discretion. See *State v. Doyle*, 237 Neb. 944, 468 N.W.2d 594 (1991).

The district court denied appellant's motion to continue the sentencing until appellant had entered and completed a rehabilitation program. The record reflects that appellant has had several opportunities to take advantage of rehabilitation alternatives, without success. The district court was aware of this when it found that appellant's best interests require supervision and treatment within the adult penal system. After a review of the record, we find that the district court did not abuse its discretion when it overruled appellant's motion to continue the sentencing.

We therefore affirm the decision of the district court.

AFFIRMED.