STATE OF NEBRASKA, APPELLEE, V. MICHAEL CERVANTES, ALSO
KNOWN AS MICHAEL GUTIERREZ, APPELLANT.

523 N.W.2d 532

Filed November 1, 1994.    No. A-94-073.

Byron M. Johnson, Scotts Bluff County Public Defender, and Bernard J. Straetker for appellant.

Don Stenberg, Attorney General, and David T. Bydalek for appellee.

CONNOLLY, IRWIN, and MILLER-LERMAN, Judges.

CONNOLLY, Judge.

Michael Cervantes was charged with two counts of first degree sexual assault and one count each of false imprisonment and driving under suspension. Cervantes pled guilty to driving under suspension. The other charges were tried before a jury in the district court for Scotts Bluff County, and the jury returned

a verdict of acquittal on one of the charges of first degree sexual assault and verdicts of guilty on the remaining charge of first degree sexual assault and the charge of false imprisonment. Cervantes appeals his convictions on the grounds that testimony excluded upon objection by the State should have been admitted into evidence as past recollection recorded, and also appeals his sentences on the grounds that they were excessive. We affirm because Cervantes did not provide sufficient foundation for admission of the testimony as past recollection recorded and because the sentences were not excessive.

## I. BACKGROUND

The events which led to Cervantes' arrest began on the afternoon of June 24, 1993. The victim and her roommate, Starla, were driving around Scottsbluff in the victim's car early that evening. The victim and Starla spotted Cervantes and a man named "Danny Ramirez" and stopped to talk to Cervantes. Starla asked Cervantes if he would like to go drinking with the victim and Starla later on that evening. Cervantes agreed.

Ultimately, Cervantes ended up at the victim and Starla's apartment, where a party was taking place with a little more than a half dozen people. When the beer ran out at approximately 2 a.m., all of the people at the party decided to go out for breakfast, except for the victim and Cervantes. Cervantes wanted to stay at the apartment to finish his last beer, and the victim remained because her child was in the apartment.

The evidence was conflicting with regard to what happened next. The victim stated that she told Cervantes she was going upstairs to go to bed and that Cervantes attacked her as she started up the stairs, and forcibly penetrated her. Cervantes testified that he and the victim began romantically kissing and were about to engage in sexual intercourse when Starla and her boyfriend knocked on the door. All the evidence then indicates that Cervantes held the door shut while he and the victim put their clothes on. After a few minutes, Cervantes admitted Starla and her boyfriend into the apartment. The first charge of first degree sexual assault arose out of this incident, and the jury

returned a verdict of acquittal.

At Cervantes' request, he and the victim then left the apartment together. Cervantes drove the victim's car into the country, where he forced the victim to engage in sexual intercourse. On the basis of this incident, the jury convicted Cervantes of false imprisonment and first degree sexual assault.

Cervantes was sentenced to 7 to 15 years in the Nebraska Penal and Correctional Complex on the first degree sexual assault conviction, 1 to 5 years on the false imprisonment conviction, and 30 days' jail for driving under suspension, with all sentences to be served concurrently.

## II. ASSIGNMENTS OF ERROR

Cervantes assigns two errors: (1) The trial court erred in sustaining the State's objection to defense counsel's request that an adverse defense witness read into evidence an excerpt from materials used as past recollection recorded, and (2) the sentences imposed on the defendant were excessive.

## III. STANDARD OF REVIEW

■ In all proceedings where the Nebraska Evidence Rules apply, admissibility of evidence is controlled by the Nebraska Evidence Rules, not judicial discretion, except in those instances under the Nebraska Evidence Rules when judicial discretion is a factor involved in the admissibility of evidence. *State v. Anderson*, 245 Neb. 237, 512 N.W.2d 367 (1994); *State v. Baker*, 245 Neb. 153, 511 N.W.2d 757 (1994); *State v. Wood*, 245 Neb. 63, 511 N.W.2d 90 (1994).

■ A sentence imposed within statutory limits will not be disturbed on appeal absent an abuse of discretion. *State v. Manzer*, 246 Neb. 536, 519 N.W.2d 558 (1994); *Wood, supra*; *State v. Ice*, 244 Neb. 875, 509 N.W.2d 407 (1994).

## IV. ANALYSIS

### 1. Excluded Evidence

Cervantes argues that the trial court erred in sustaining the State's objection to defense counsel's request that a witness read into evidence materials supplied by defense counsel. Cervantes alleges that the materials should have been read to the jury as evidence of the witness' past recollection recorded.

The alleged error involved evidence related to interviews conducted with the victim by Det. Scott Crawford. Detective Crawford was one of the investigating officers in this case. During the course of his investigation, Detective Crawford interviewed the victim on several occasions. The victim admitted during the course of the trial that the first time she was interviewed by Detective Crawford, she told him that she and Starla had not seen Cervantes during the day on June 24 prior to the party. In a subsequent interview, she changed this statement and admitted that she and Starla had seen Cervantes earlier and invited him to go drinking with them.

Detective Crawford was called to the stand by the defense. He was asked if he had brought his report with him. Detective Crawford stated that he had not brought the entire file, whereupon defense counsel approached and asked him to review what were apparently copies of portions of Detective Crawford's report, compiled and prepared by defense counsel. On cross-examination by the State, Detective Crawford stated that what defense counsel had given him was not a copy of his report, but, rather, excerpts or portions from the report. Detective Crawford stated that he had never seen that particular collection of documents before. Then, on redirect examination, defense counsel asked Detective Crawford to "go ahead and quote the things" that Detective Crawford thought were correct in the report. The State objected on the grounds that the statements were hearsay, and the objection was sustained.

Cervantes' sole assignment of error with regard to the trial is that Detective Crawford should have been instructed to read the portions of the report to the jury that he recognized as direct quotes from his own reports. Cervantes notes that the documents were presented to Detective Crawford to "refresh his recollection since he did not bring his copy of his report to court," and argues that the materials he asked Detective Crawford to read should have been admitted as "past recollection recorded," an exception to the hearsay rule under Neb. Rev. Stat. § 27-803(4) (Reissue 1989). Brief for appellant at 15.

Cervantes' reliance on § 27-803(4) is misplaced. That

subsection excludes the following from the hearsay rule:

A memorandum or record concerning a matter about which a witness once had knowledge but now has insufficient recollection to enable him to testify fully and accurately, shown to have been made or adopted by the witness when the matter was fresh in his memory and to reflect that knowledge correctly. If admitted, the memorandum or record may be read into evidence but may not itself be received as an exhibit unless offered by an adverse party.

In order to satisfy the hearsay exception of § 27-803(4), one must provide the proper foundation. While the Nebraska courts have not yet had an opportunity to set forth the exact foundational requirements for the admissibility of past recollection recorded under § 27-803(4), other states that have adopted the same statutory language have elaborated on its foundational requirements. Synthesizing the opinions of those courts, we hold that the proper foundation for admitting evidence under § 27-803(4) should consist of a showing that (1) the witness has no present recollection of the facts, (2) the witness' memory is not refreshed upon reference to the document, (3) the document is an original memorandum made or adopted by the witness from personal observation, (4) the document was prepared or adopted by the witness contemporaneously with the event and was an accurate recording of the occurrence, and (5) the substance of the proffered writing is otherwise admissible. See, *Moncrief v Detroit*, 398 Mich. 181, 247 N.W.2d 783 (1976); *Linch v. Nebraska Buick Automobile Co.*, 120 Neb. 819, 235 N.W. 456 (1931) (the Nebraska Supreme Court stated generally these foundational elements based on the common-law past recollection recorded rule, prior to passage of § 27-803(4)). See, also, *State v. Bloss*, 3 Haw. App. 274, 649 P.2d 1176 (1982); *State v. Ottwell*, 239 Mont. 150, 779 P.2d 500 (1989); *State v. Paquette*, 146 Vt. 1, 497 A.2d 358 (1985).

Cervantes fails to satisfy even one of the foundational elements for past recollection recorded. There was no evidence that Detective Crawford did not have a current recollection of the facts; to the contrary, Detective Crawford had already

testified from memory that the victim's testimony was consistent with the interviews he conducted. Nothing at trial indicated that Detective Crawford ever made or adopted the statements that were handed to him by defendant's counsel. In fact, Detective Crawford clearly stated that what was given to him was *not* the report he had compiled. Therefore, the court properly found that the materials that Detective Crawford was asked to read from were not past recollection recorded under § 27-803(4), and no prejudicial error occurred.

## 2. EXCESSIVE SENTENCES

As his second assignment of error, Cervantes argues that his sentences are excessive and constitute an abuse of discretion. Cervantes was sentenced to concurrent, indeterminate sentences of 1 to 5 years for the false imprisonment conviction and 7 to 15 years for the first degree sexual assault conviction in the Nebraska Penal and Correctional Complex, and 30 days' jail for driving under suspension. All of these sentences are within the maximum sentences allowed by law, and Cervantes could have received up to 50 years' imprisonment for the sexual assault conviction.

A sentence imposed within statutory limits will not be disturbed on appeal absent an abuse of discretion. *State v. Manzer*, 246 Neb. 536, 519 N.W.2d 558 (1994); *State v. Wood*, 245 Neb. 63, 511 N.W.2d 90 (1994); *State v. Ice*, 244 Neb. 875, 509 N.W.2d 407 (1994). A judicial abuse of discretion exists when reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition. *State v. Trackwell*, 244 Neb. 925, 509 N.W.2d 638 (1994).

The sentences imposed by the trial judge in this case were neither excessive nor an abuse of discretion. The record reveals that Cervantes has been convicted of numerous misdemeanors and also has a prior felony conviction. He has been imprisoned on a number of occasions. Cervantes committed the violent and serious crimes of sexual assault and false imprisonment. The only mitigating factors presented by Cervantes are the fact that the victim did not seek counseling for the trauma she experienced as a result of this ordeal and that Cervantes had

maintained his innocence of the sexual assault and false imprisonment charges throughout the entire proceeding. Cervantes offers nothing that would indicate an abuse of discretion by the trial judge. The sentences will be not be disturbed.

## V. CONCLUSION

The State's objection to defense counsel's request that a witness read excerpts from documents provided by defense counsel was properly sustained, and the materials were not admissible as past recollection recorded. The sentences imposed by the trial court were neither excessive nor an abuse of discretion.

AFFIRMED.