STATE OF NEBRASKA, APPELLEE, V. JOSEPH B. REYNOLDS, APPELLANT.

523 N.W.2d 377

Filed November 4, 1994.   No. S-93-666.

Thomas M. Kenney, Douglas County Public Defender, and Kelly S. Breen for appellant.

Don Stenberg, Attorney General, and Marilyn B. Hutchinson for appellee.

HASTINGS, C.J., WHITE, CAPORALE, FAHRNBRUCH, LANPHIER, and WRIGHT, JJ., and BOSLAUGH, J., Retired.

PER CURIAM.

Claiming the district court for Douglas County erred in refusing to transfer his case to juvenile court, Joseph B. Reynolds, who at the time of the incidents involved here was 16 years old, appealed his conviction for attempted theft by unlawful taking, a Class IV felony, to the Nebraska Court of Appeals.

At the transfer hearing in the district court, Reynolds did not direct the judge's attention to Neb. Rev. Stat. §§ 43-261 (Reissue 1993) and 29-1816 (Reissue 1989) which require a judge to make specific findings as to why a defendant's motion to transfer a case to the juvenile court is not granted. The Court of Appeals affirmed Reynolds' conviction and held that, by such omission on the part of Reynolds, he waived his right to

claim error because of the trial court's failure to make the findings required by §§ 43-261 and 29-1816. This court granted Reynolds' petition for further review.

We reverse the decision of the Court of Appeals and remand the cause to that court with direction to remand the cause to the district court with direction to make the findings required by §§ 43-261 and 29-1816 and to certify them to this court for further consideration of the appeal.

## ASSIGNMENT OF ERROR

Restated, Reynolds claims that the Court of Appeals erred in finding that, because he did not bring to the trial court's attention the statutory requirement for the court to set forth specific findings in refusing to transfer the case to juvenile court, the defendant waived his right on appeal to argue the error of the trial court's failure to do so.

## FACTS

The record reflects the following:

On November 19, 1992, Reynolds, then 16 years old, and another youth, then 15 years old, decided to "go jack a car." The 15-year-old smashed a window of a car in an Omaha parking lot. Reynolds, meanwhile, had moved to another car and broke its window and its steering column. The owner of the second car appeared and scuffled with Reynolds. Waving a screwdriver, Reynolds broke away and ran. However, he was apprehended by the owner of the car.

Reynolds explained to the police his motivation in wanting to take the car: "I just wanted to drive around. We were going to park the cars when we were done."

Reynolds was charged with two counts of attempted theft by unlawful taking. He asked the district court to transfer his case to the separate juvenile court of Douglas County. At a hearing held upon Reynolds' motion, the State offered a copy of the police reports regarding the alleged incidents. Reynolds submitted a transcript of his high school grades and the testimony of his foster mother, Lois Jackson. Reynolds had lived with Jackson and had attended school since his parole from the Youth Development Center-Kearney on burglary charges. Jackson testified that Reynolds faced a possible parole

violation in juvenile court as a result of the attempted theft by unlawful taking charges.

Jackson told the district court that Reynolds participated in extracurricular activities at school and abided by the rules of the foster home. The other youth involved in the attempted auto theft incidents also lived in Jackson's foster home. Jackson testified that the younger youth had a history of auto theft involvement. She also testified that Reynolds easily succumbed to peer pressure and had been greatly influenced by his 15-year-old companion.

The district court denied Reynolds' motion to transfer his case to juvenile court. The trial court did not set forth specific findings for its reasons for retaining jurisdiction of the case.

Following a subsequent bench trial, Reynolds was found guilty of one count of attempted theft by unlawful taking, a Class IV felony, carrying a penalty of up to 5 years' imprisonment, up to a $10,000 fine, or both. See Neb. Rev. Stat. §§ 28-511, 28-105, and 28-201 (Reissue 1989). The second count was dismissed by the State. Reynolds was sentenced to 2 years' probation, including incarceration for 180 days.

STANDARD OF REVIEW

An appeal from the denial of a transfer to juvenile court is reviewed for abuse of discretion. *State v. Ice*, 244 Neb. 875, 509 N.W.2d 407 (1994); *State v. Doyle*, 237 Neb. 60, 464 N.W.2d 779 (1991).

ANALYSIS

The Court of Appeals held that, because Reynolds did not bring to the trial court's attention the requirement to set forth specific findings in refusing to transfer the case to juvenile court, he had waived the right to have specific findings made. In making its decision, the appeals court relied upon *State v. Highly*, 195 Neb. 498, 238 N.W.2d 909 (1976). In that criminal case, the defendant appealed the district court's decision to overrule his motion to transfer his case to juvenile court. The defendant's age was not specified in our opinion, only the fact that he was under the age of 18. The defendant in *Highly* contended that the district court failed to comply with its statutory obligation to set forth findings on the record to

support its decision to retain jurisdiction.

This court refused to reverse the judgment based upon the trial court's failure to set forth findings because no record of the hearing upon the defendant's motion to transfer the case to juvenile court was filed in this court. We further held that the judgment would not be reversed because the defendant did not at any time, by motion for new trial or otherwise, direct the attention of the trial court to the requirement of the statute. Without the record of the proceedings upon the motion to transfer, it was not possible to determine if the findings had been announced from the bench.

The present case is distinguishable from *Highly* because a record exists of the hearing on Reynolds' motion to transfer the case to juvenile court upon which this court can determine whether specific findings were set forth on the record by the trial court. Thus, the holding in *Highly* is not applicable in this case.

Reynolds' case is controlled by our holding in *State v. Phinney*, 235 Neb. 486, 455 N.W.2d 795 (1990) (*Phinney I*). In that case, we held that when a juvenile requests that the juvenile's case be transferred to juvenile court it is mandatory for a trial court to set forth on the record its findings supporting its determination that there is a sound basis for refusing to transfer the juvenile's case.

The State essentially argues that *Phinney I* stands for the proposition that the district court is required to set forth specific findings only when a juvenile defendant is under 16 years of age. We disagree.

The juvenile court has concurrent original jurisdiction with the district court as to any juvenile who has committed an act which would constitute a felony. See Neb. Rev. Stat. § 43-247 (Reissue 1993). Neb. Rev. Stat. § 43-245 (Reissue 1993) defines a juvenile as any person under the age of 18.

Neb. Rev. Stat. § 43-276 (Reissue 1993) provides that in cases involving any juvenile who has committed a felony, when the juvenile is *under the age of 16*, the *county attorney* is required to consider certain enumerated factors in making the determination whether to file a criminal charge or a juvenile court petition. Thus, the county attorney was not required by

§ 43-276 to consider these criteria in making his determination with respect to Reynolds because Reynolds was 16 years old at the time he committed the acts in question. However, this age restriction does not apply to the requirement that the district court must set forth its reasons for not transferring a case to juvenile court.

The general rule is that on request by a juvenile, the district court *must* transfer a juvenile case involving a felony from district court to juvenile court, unless a sound basis for retaining jurisdiction exists. See §§ 43-261 and 29-1816. See, also, *State v. Doyle*, 237 Neb. 60, 464 N.W.2d 779 (1991); *State v. Phinney*, 236 Neb. 76, 459 N.W.2d 200 (1990) (*Phinney II*).

In deciding whether to grant a requested waiver of the district court's jurisdiction and to transfer the case to juvenile court, the district court having jurisdiction over a pending criminal prosecution is required to consider the juvenile's request in light of the criteria set forth in § 43-276. See § 29-1816. See, also, *Doyle, supra; Phinney II, supra.* This requirement of the district court is not statutorily limited to cases in which the juvenile is under the age of 16.

The record fails to reflect that the trial court considered the criteria set forth in § 43-276 in denying Reynolds' motion to transfer his case to juvenile court. Therefore, the record does not provide a sufficient basis for a meaningful review to determine whether the district court abused its discretion in refusing to grant Reynolds' motion for transfer.

As in *Phinney I*, because the record before this court does not provide an adequate basis for a meaningful review, we reverse the Court of Appeals' holding and remand the cause to that court with direction to remand the cause to the district court with direction to that court to review the record made on the motion to transfer to juvenile court and to set forth its findings in the matter as provided by §§ 43-261 and 29-1816. Such findings shall then be certified to this court for further consideration of the appeal.

REVERSED AND REMANDED WITH DIRECTION.