STATE OF NEBRASKA, APPELLEE, V. JOSEPH B. REYNOLDS, APPELLANT.

529 N.W.2d 64

Filed March 24, 1995. No. S-93-666.

Thomas M. Kenney, Douglas County Public Defender, and Kelly S. Breen for appellant.

Don Stenberg, Attorney General, and Marilyn B. Hutchinson for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, and WRIGHT, JJ.

FAHRNBRUCH, J.

In response to this court's remand on the direct appeal of *State v. Reynolds*, 246 Neb. 802, 523 N.W.2d 377 (1994), the district court entered a certified order setting forth the grounds

upon which it denied a juvenile defendant's motion to transfer to juvenile court.

We now hold that the district court for Douglas County did not abuse its discretion in refusing to transfer Reynolds' criminal case to the juvenile court and, thus, affirm its judgment.

An appeal from the denial of a transfer to juvenile court is reviewed for an abuse of discretion. *State v. Phinney*, 236 Neb. 76, 459 N.W.2d 200 (1990).

Joseph B. Reynolds, while on parole from the Youth Development Center–Kearney on burglary charges, attempted to steal an automobile in Omaha with the aid of a 15–year–old juvenile. At the time of the incident, Reynolds was 16 years old. In the case under consideration, Reynolds was charged with two counts of attempted theft by unlawful taking. Following a bench trial, the district court found Reynolds guilty of one count of attempted theft by unlawful taking, a Class IV felony carrying a penalty of up to 5 years' imprisonment, up to a $10,000 fine, or both. Reynolds was sentenced to 2 years of adult probation and ordered to spend the first 180 days of probation in the Douglas County Department of Corrections and to pay the costs of prosecution. He was given credit for 3 days spent in jail awaiting disposition of his case. Reynolds did not assign error concerning his sentence.

Reynolds appealed his conviction claiming (1) that the State failed to prove the existence of any compelling reason why his case should not have been transferred to the juvenile court and (2) that the district court erred by failing to set forth specific findings to support the court's refusal to transfer the case to juvenile court. In *State v. Reynolds, supra*, we remanded the action to the district court and instructed that court to set forth its findings supporting its denial of Reynolds' motion to transfer his case to the juvenile court.

On February 21, 1995, the district court submitted a certified order to this court detailing its reasons for refusing to transfer Reynolds' case to the juvenile court. The district court took into consideration that Reynolds was on parole from the Youth Development Center when the crimes with which he was charged were committed, that the juvenile court had already

exhausted the treatment and rehabilitation to which he would be amenable as a juvenile, the aggressive and premeditated manner of the offense, his age, his previous history, and his maturity and previous contacts with law enforcement.

In deciding whether to transfer adult criminal proceedings to juvenile court, the court having jurisdiction over a pending criminal prosecution must carefully consider the criteria set forth in Neb. Rev. Stat. § 43–276 (Reissue 1993). *State v. Grimes*, 246 Neb. 473, 519 N.W.2d 507 (1994).

Pursuant to § 43–276, the trial court must consider

> (1) [t]he type of treatment such juvenile would most likely be amenable to; (2) whether there is evidence that the alleged offense included violence or was committed in an aggressive and premeditated manner; (3) the motivation for the commission of the offense; (4) the age of the juvenile and the ages and circumstances of any others involved in the offense; (5) the previous history of the juvenile, including whether he or she had been convicted of any previous offenses or adjudicated in juvenile court, and, if so, whether such offenses were crimes against the person or relating to property, and other previous history of antisocial behavior, if any, including any patterns of physical violence; (6) the sophistication and maturity of the juvenile as determined by consideration of his or her home, school activities, emotional attitude and desire to be treated as an adult, pattern of living, and whether he or she has had previous contact with law enforcement agencies and courts and the nature thereof; (7) whether there are facilities particularly available to the juvenile court for treatment and rehabilitation of the juvenile; (8) whether the best interests of the juvenile and the security of the public may require that the juvenile continue in custody or under supervision for a period extending beyond his or her minority and, if so, the available alternatives best suited to this purpose; and (9) such other matters as [are deemed] relevant . . . .

The district court based its denial to transfer Reynolds' case to juvenile court upon the foregoing statutory criteria. Reynolds had previously served in a juvenile detention facility, and his

history indicated that he did not respond to the rehabilitation efforts offered him. In the present case, Reynolds attempted to steal the automobile in a premeditated manner. When Reynolds was caught in the criminal act by the automobile's owner, he attempted to escape by threatening the owner with a screwdriver. See *State v. Reynolds*, 246 Neb. 802, 523 N.W.2d 377 (1994).

When a court's basis for retaining jurisdiction over a juvenile is supported by appropriate evidence, it cannot be said that the court abused its discretion in refusing to transfer the case to the juvenile court. *State v. Phinney*, 236 Neb. 76, 459 N.W.2d 200 (1990).

## CONCLUSION

Both of Reynolds' assigned errors are without merit, and the district court's judgment is affirmed.

AFFIRMED.